Dan PENCE and Grace Bultemeier, Plaintiff,

v.

LIGHTNING ROD MUTUAL INSURANCE COMPANY, Defendant.

No. IP 01–1895–C–B/S.

United States District Court, S.D. Indiana, Indianapolis Division.

April 24, 2002.

Donna C. Marron, Plews Shadley Racher & Braun, Indianapolis, IN, for Plaintiffs.

Alan Bouwkamp, Jennings Taylor Wheeler & Bouwkamp, Carmel, IN, for Defendant.

## ENTRY ON DEFENDANT'S MOTION TO DISMISS

BARKER, District Judge.

### I. *Introduction.*

This case is before the court on defendant Lightning Rod's motion to dismiss on the ground that the same issues, between the same parties, are pending before the Hendricks County Circuit Court in a case captioned Cause No. 32CO1–9902–CP–60. Based on both parties' arguments, we construe Lightning Rod's motion to request that we abstain from exercising jurisdiction and that we stay proceedings in this court pending the outcome in Hendricks County with respect to the Pences and Lightning Rod. Accordingly, we GRANT Lightning Rod's motion and stay proceedings here pending a final decision on the merits as between the Pences and Lightning Rod in the Hendricks County case. During the period of the stay, this cause shall be administratively closed on our docket, subject to being reopened upon motion by either party.

### II. *Discussion.*

#### A. *Background.*

Dan Pence and Grace Bultemeier (hereafter "the Pences") hired contractors to build them a house. They bought an insurance policy on the house from Lightning Rod. The Pences claim that the house was poorly built and does not conform to standards of habitability. Accordingly, they sued the builders in Hendricks County Circuit court. Their complaint against the four defendants alleges that, as a re-

sult of the builders' negligence and their breaches of warranties and of construction contracts with the Pences, the home was built in a manner that made it vulnerable to moisture which resulted in the growth of molds that have proven unhealthy to the Pence family. In sum, the home was uninhabitable and the Pences suffered monetary as well as non-pecuniary losses.

Meanwhile, the Pences made demand on Lightning Rod for insurance coverage on the losses they allegedly sustained. Lightning Rod refused to pay, asserting that the alleged causes of the poor construction and resulting molds were not covered by the Pences' insurance policy. The Pences filed an action in this court against Lightning Rod, alleging two kinds of claims: a declaratory judgment action asking us to declare that the insurance policy *does* cover their losses; and an action seeking damages for their losses as well as for the insurance company's bad faith in denying them coverage.

Although the Pences' Hendricks County action originally consisted of a lawsuit against only the four defendant builders, Lightning Rod subsequently filed a motion for leave to intervene in that case. The Hendricks County court granted Lightning Rod's motion to intervene. Then, on March 27, 2002, the state court denied the Pences' motion to reconsider that order. As matters now stand, therefore, the Hendricks County case consists of the following proceedings: the Pences' original action against the contractors; Lightning Rod's declaratory judgment action against the Pences, which seeks a declaration from that court that the insurance policy *does not* cover the losses incurred by the Pences; and Lightning Rod's action against the contractors on the theory that,

if the court declares that the policy *does* cover the Pences' losses, then the contractors are liable to Lightning Rod for indemnification. The only aspect of the Pences' case that is currently at issue here, but not in the Hendricks County court, is their action for damages against Lightning Rod for losses under the insurance agreement and for bad faith denial of their claims; resolution of those related claims depends upon the determination as to whether Lightning Rod properly denied coverage.

In other words, the Hendricks County Circuit Court is currently exercising jurisdiction over the body of the dog, so to speak, while only the tail is wagging in this court. Lightning Rod has asked us to abstain from exercising our jurisdiction and to stay proceedings here, thus permitting almost all (and possibly all) of the issues to be adjudicated in the Hendricks County Circuit Court. In the interests of economy to both of the courts and to the parties, in the interest of avoiding piecemeal litigation with potentially conflicting outcomes, and in the interest of avoiding intruding on a state court's exercise of jurisdiction over matters of state law, we GRANT Lightning Rod's motion to abstain from deciding the Pences' damages and bad faith claims in deference to the Hendricks County court, and stay proceedings with respect to both their damages and declaratory judgment actions until both the declaratory and damages issues are either finally resolved or otherwise disposed of by the Hendricks County Circuit Court.[1] Meanwhile, we will maintain jurisdiction over both of the Pences' claims—declaratory judgment and damages—in order to insure that, in the event a final resolution on the merits is not forthcoming in the state court, the Pences suffer no

---

1. A good argument could be made that the interests of economy would be further served if the Pences were also to seek to adjudicate their damages claims in the Hendricks County action, so that all of the issues involving all of the pertinent parties may be resolved in the same action.

detriment with respect to any statute of limitations.[2]

## B. *Abstention.*

The Pences' lawsuit in federal court contains two claims: a declaratory judgment action and an action for damages. We have jurisdiction over both claims by virtue of diversity jurisdiction since both claims arise under state law. The issue we are asked to resolve—whether to stay proceedings in this court in deference to the proceedings in Hendricks County—is governed by two different analyses, each corresponding to one of the two actions. The question of whether we may abstain from exercising jurisdiction over the Pences' *declaratory judgment* action is governed by *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288, 115 S.Ct. 2137, 2144, 132 L.Ed.2d 214 (1995), which clarified the Supreme Court's decision in *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942). The question of whether we may abstain from deciding the Pences' *damages* claims is governed by *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) and *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).

### 1. *The Declaratory Judgment Action.*

■ The Pences ask us to declare, based on their insurance contract with Lightning Rod, that Lightning Rod is liable for the losses they sustained as a result of the substandard building of their home. We have considerable discretion in determining whether to entertain a declaratory judgment action. In *Wilton*, the Supreme

Court noted that federal courts have "unique and substantial discretion in deciding whether to declare the rights of litigants." 515 U.S. at 286, 115 S.Ct. at 2142. This discretion was not narrowed by the subsequent development of abstention law, which permits a district court to abstain from entertaining a case only under "exceptional circumstances." 515 U.S. at 281–82, 115 S.Ct. at 2140. In *Wilton*, the Court addressed a district court's discretion to abstain from entertaining a declaratory judgment action in deference to a pending, parallel state court proceedings as follows:

> [I]n deciding whether to enter a stay, a district court should examine the scope of the pending state court proceeding and the nature of defenses open there. This inquiry, in turn, entails consideration of whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc. [W]here another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court, a district court might be indulging in gratuitous interference, if it permitted the federal declaratory action to proceed.

515 U.S. at 283, 115 S.Ct. at 2141, citing *Brillhart*, 316 U.S. at 495, 62 S.Ct. at 1175–76. *See, Sta–Rite Industries, Inc. v. Allstate Ins. Co.*, 96 F.3d 281, 287 (7th Cir.1996); *Olcott International & Co. v. Micro Data Base Systems, Inc.*, 2000 WL 892874 (S.D.Ind.2000), *1.

Since Lightning Rod intervened in the Hendricks County action,[3] these criteria

---

**2.** We do not express any opinion as to the timeliness of the Pences' claims. We merely note that the Pences will not be prejudiced *because of* our decision to defer to the proceedings in the Hendricks County court.

**3.** When they opposed Lightning Rod's motion to dismiss, the Pences were surely correct in arguing that the issues before this court were independent of, and separable from, the issues before the Hendricks County court. Indeed, the two actions did not even involve the

militate in favor of abstaining here. First, the Pences' declaratory judgment action— by which they seek a declaration that their insurance contract with Lightning Rod *does* provide coverage for their losses—is mirrored in Lightning Rod's declaratory judgment action in Hendricks County—by which Lightning Rod seeks a declaration that the contract *does not* provide coverage. Thus one of the key issues here is joined by the same parties in Hendricks County. Second, the central issue between Lightning Rod and the Pences is a matter of Indiana state law. Third, with the declaratory judgment action pending in two courts, there is a potential for conflicting outcomes. Fourth, the outcome of the declaratory judgment action is likely to have a substantial impact on the outcome of one or more other claims: for example, the Pences' claims for damages and bad faith against Lightning Rod (whether those claims are adjudicated here or in state court); and, for example, Lightning Rod's claim against the builders for indemnification in the event the declaration of rights vindicates the Pences. Finally, all of the parties pertinent to a full adjudication of the claims, and all of the pertinent claims (except the two damages claims) are currently joined in the Hendricks County action.

■ Accordingly, we decline to declare the parties' rights under the insurance contract. In preference to an outright dismissal, however, we merely stay proceedings here pending a final adjudication of the declaratory judgment in Hendricks

County. As the Supreme Court observed in *Wilton:* "[W]here the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy." 515 U.S. 277, 288 n. 2, 115 S.Ct. 2137, 2143 n. 2.

### 2. *The Damages Actions.*

In addition to their declaratory judgment action, the Pences have sued Lightning Rod for damages incident to their losses and also for bad faith denial of an insurance claim. We reiterate that these claims are not currently before the Hendricks County court. Unlike our wide latitude to determine whether to hear a declaratory judgment action, the standard for determining whether we should abstain from hearing these matters is the presence of "exceptional circumstances," a standard that has been well articulated in *Colorado River* and its progeny. In that case, the Supreme Court instructed that the district courts have a "virtually unflagging obligation" to exercise the jurisdiction conferred on them by Congress. 424 U.S. at 817, 96 S.Ct. at 1246. And only "the clearest of justifications" warrants abstention in favor of a concurrent state proceeding. *Id.* at 819, 96 S.Ct. at 1247.

■ Based on the Supreme Court's decisions in *Colorado River, Moses H. Cone,*

same parties. The Pences' action against the builders involved negligence and breaches of contract and warranty. Their action against Lightning Rod involved a declaration of insurance contract rights and bad faith denial of insurance coverage. The Pences point out that Lightning Rod intervened in the Hendricks County case only after the Pences filed

their action here. But that fact has little if any influence on our decision. In *Wilton,* after all, the state court action was filed after the action in federal court, yet the Supreme Court had no difficulty in affirming the district court's refusal to declare the parties' rights.

*Arizona v. San Carlos Apache Tribe*, 463 U.S. 545, 570, 103 S.Ct. 3201, 3215, 77 L.Ed.2d 837 (1983), and *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 666, 98 S.Ct. 2552, 2559, 57 L.Ed.2d 504 (1978), as well as several decisions of its own, including *Lumen Constr., Inc. v. Brant Constr. Co.*, 780 F.2d 691, 694 (7th Cir.1985), the Seventh Circuit outlined ten factors to employ in determining whether "exceptional circumstances" exist and thus whether we may abstain:

1. the difficulties posed when a state and federal court assume jurisdiction over the same *res;*

2. the relative inconvenience of the federal forum;

3. the need to avoid piecemeal litigation;

4. the order in which the state and federal proceedings were filed.

5. whether state or federal law provides the rule of decision;

6. whether the state action protects the federal plaintiffs' rights;

7. the relative progress of the state and federal proceedings;

8. the presence or absence of concurrent jurisdiction;

9. the availability of removal; and

10. the vexatious or contrived nature of the federal claim.

*Sverdrup Corp. v. Edwardsville Community Unit School Dist. No. 7*, 125 F.3d 546, 549–550 (7th Cir.1997). The court also noted that: "Particular weight must be given to the presence of a federal question in the case; that factor weighs heavily against abstention." *Id.* at 549.

Consideration of these factors leads to our conclusion to abstain from a decision on the Pences' damages and bad faith claims pending a resolution of those claims by the Hendricks County court. Factors 1, 2, 8, 9, and 10 have no particular weight in our analysis. Because they are neutral, and because the law presumes that we will exercise jurisdiction where jurisdiction is proper, they militate against abstention, albeit insubstantially. Since the Pences filed here before Lightning Rod intervened in Hendricks County, factor 4 also weighs against abstention. We have difficulty applying factor 7. While the Pences have filed a motion for partial summary judgment in this court—asking us to find as a matter of law that their insurance policy covers their losses—that motion is, for all practical purposes, no different from its declaratory judgment action. Conversely, the Pences filed in Hendricks County three years ago and it is difficult to imagine that that collateral lawsuit has not progressed.

Counterpoised against these factors which weigh against abstention are factors 3, 5, and 6, which strongly dispose us in favor of abstention. As to factor 5, the damages-from-loss and bad-faith-denial claims both arise under Indiana insurance law. So does the declaratory judgment issue as to coverage. Our disposition to abstain is further strengthened by the absence of a federal question. Coupled with the fact that the rule of decision will be provided by Indiana law, the absence of *any* federal question supports Lightning Rod's claim for exceptional circumstances.

■ As we noted earlier, in addition, all of the pertinent parties and all but the Pences' damages claims are pending in Hendricks County, whereas only the damages claims are pending here. This is the kind of piece-meal litigation that abstention principles seek to avoid. Additionally,

since we have deferred the declaratory judgment issue—whether the Pences' policy with Lightning Rod covers their losses—we cannot readily try the damages claims prior to a ruling by the Hendricks County court, because the damages claims rest on the resolution of that legal issue. In other words, by going forward with the damages claims while the declaratory judgment action is pending in Hendricks County, we run the risk of an inconsistent outcome: if the state court decides that the policy *does not* cover the Pences' losses, then we risk awarding damages to the Pences contrary to Indiana law. Similarly, the Pences' rights with respect to Lightning Rod are likely to be affected by their case against the four builders, because the underlying action against the builders turns on whether the builders were negligent and whether their negligence caused a "covered" loss under the policy.

Finally, we have no reason to doubt that the Pences' rights will be protected in the state court action. If anything, the presence there of all pertinent parties and all issues, except the damages-from-loss and bad-faith denial claims, is likely to result in a more complete and comprehensive consideration of the Pences' actions than our consideration of only the damages claims. *See Lumen*, 780 F.2d at 695 (the fact that the state law action was more comprehensive so that more claims were likely to be decided by the state court tended to support abstention).

■ Once again, though we abstain from deciding the Pences' damages and bad faith claims, we do not dismiss; instead, we stay proceedings. *Selmon v. Portsmouth Drive Condominium Assoc.*, 89 F.3d 406, 409 (7th Cir.1996). As we noted earlier in the context of a declaratory judgment, a stay is appropriate because it eliminates the risk that the federal action will be time-barred in the event the state proceeding does not result in a final decision on the merits; in addition, if no final decision is reached, the case would return here for a determination as to the preclusive effects, if any, of any state judgment or decisions. *Lumen Constr., Inc. v. Brant Constr. Co., Inc.*, 780 F.2d 691, 694–95 (7th Cir.1985).

### III. *Conclusion.*

For these reasons, we construe Lightning Rod's motion to dismiss as a motion to abstain and to stay proceedings in this court pending the resolution of the claims in the Hendricks County court with respect to Lightning Rod and the Pences and we GRANT Lightning Rod's motion to those effects. The outcome of our ruling is that we retain jurisdiction. We STAY proceedings here on the Pences' declaratory judgment claim *and* on their damages and bad-faith-denial claims pending finality in the state court as between the Pences and Lightning Rod, but we shall close this cause administratively on the Court's docket during the pendency of the stay until such time as either party shall move to have it reopened.