***FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER***

**Electronically Filed
Supreme Court
SCWC-13-0002084
29-JUN-2015
02:00 PM**

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---o0o---

LOTTIE TAGUPA,
Petitioner/Plaintiff-Appellant,

vs.

VIPDESK
Respondent/Defendant-Appellee.

SCWC-13-0002084

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-13-0002084; CIV. NO. 3RC12-1-297H)

June 29, 2015

RECKTENWALD, C.J., NAKAYAMA, McKENNA, POLLACK, AND WILSON JJ.

OPINION OF THE COURT BY POLLACK, J.

At issue in this case is the authority of a trial
court to condition the voluntary dismissal of a complaint upon
the plaintiff's payment of the defendant's attorney's fees and
costs. We hold that such authority exists under the Hawai'i
District Rules of Civil Procedure (HDCRCP) Rule 41(a)(2) (1996),

but it is subject to certain procedural requirements. Additionally, the exercise of this authority must comport with equitable factors to accord substantial justice to the parties.

## I. BACKGROUND

### 1. District Court Complaint

On October 26, 2012, Lettie Tagupa, pro se, filed a standard form one-page complaint (Complaint) against VIPDesk in the District Court of the Third Circuit (district court). The Complaint asserted that "[o]n or about Jun 2010-Sep 2011, Defendant(s) owed money to Plaintiff(s) as follows: For time spent taking photos, creating, researching and writing blogs on travel recommendations and travel information for the sole purpose of supporting VIPdesk's marketing efforts." The Complaint stated that the district court "ha[d] jurisdiction over this matter and venue [was] proper."

In the Complaint, Tagupa initially indicated that the amount claimed was $35,000 and asked for judgment in that amount, but a handwritten amendment to her Complaint reduced the amount to $25,000.

## 2. Tagupa's Motion to Dismiss for Lack of
## Subject Matter Jurisdiction

On May 8, 2013, Tagupa, with newly acquired legal representation,[1] filed a motion to dismiss the case for lack of subject matter jurisdiction (motion to dismiss) pursuant to Hawai'i Rules of Civil Procedure (HRCP) Rules 7, 9, and 12(b)(1).[2] Tagupa asserted that the district court did not have jurisdiction "over the subject matter of th[e] case" because her claims "derive from violations of federal law--the Fair Labor Standards Act of 1938 [FLSA], 29 USC 201 *et. seq.*" Tagupa acknowledged that she filed the case, pro se, in the wrong court, and attached a "draft lawsuit for the correct court," i.e., the United States District Court for the District of Hawai'i, to her motion to dismiss.

VIPdesk filed a memorandum in opposition to Tagupa's motion to dismiss in which it argued that the district court had jurisdiction over Tagupa's claims. VIPdesk maintained that

---

[1]     A Notice of Appearance of Venetia K. Carpenter-Asui for Tagupa was filed on May 8, 2013.

[2]     HRCP Rule 7 (2000) pertains to the form of motions, and HRCP Rule 9 (2000) pertains to pleading special matters. HRCP Rule 12(b) (2000) provides in relevant part:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter . . . .

Tagupa's Complaint alleged claims that could arise solely out of Hawai'i state law and that even if Tagupa intended to pursue a FLSA claim, the district court had subject matter jurisdiction over such a claim.  Alternatively, VIPdesk requested, pursuant to the HDCRCP Rule 41(a)(2),[3] that if the Court granted Tagupa's motion to dismiss, the dismissal should be with prejudice and conditioned upon Tagupa's payment of the attorney's fees and costs incurred by VIPdesk in the case.

### 3. District Court's Orders and Judgment

At a hearing on May 23, 2013, the district court granted Tagupa's motion to dismiss without prejudice, basing its decision not on lack of subject matter jurisdiction, but, rather, "on [Tagupa] wanting to file [the] case in federal court instead of state court."[4]

---

[3]    HDCRCP Rule 41(a)(2) provides as follows:

> Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.  If a counterclaim has been pleaded by a defendant prior to the service upon that defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court.  Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

[4]    The record in this case does not contain any transcripts. References to statements made by the court or the parties during the hearing are not direct quotes from the parties, but, rather, quotes from the court clerk's minutes, which are part of the record on appeal pursuant to Hawai'i Court Record Rules Rule 4(f) (2012).

4

At the hearing, Tagupa's counsel requested that no attorney's fees and costs be awarded to VIPdesk in light of Tagupa's pro se status at the time that she filed the Complaint. The district court found that Tagupa "admittedly filed [the case] in the wrong court" and expressed concern that "if pro se plaintiffs file complaints [and] the defendant hires an attorney to defend and spends a lot of time on the case [and] then plaintiff decides to get counsel [and] . . . then states that they would like to file this claim in federal court, the defendant has incurred the expense of hiring an attorney to prepare it's [sic] defense." The court concluded, "Defendant should not have to bear the expense because [Tagupa] filed in the wrong court."

At the conclusion of the hearing, the district court awarded VIPdesk attorney's fees and costs pursuant to HDCRCP Rule 41(a)(2). The district court subsequently filed its order granting Tagupa's motion to dismiss on June 4, 2013. The order stated that VIPdesk "is to be awarded reasonable attorney's fees and costs incurred in defending this case in this Court" and instructed VIPdesk to file a declaration with its attorney's fees incurred by June 3, 2013, and for Tagupa to file a response or objection within ten days of receipt of VIPdesk's declaration. The order stated that the court would "decide the

issue of [VIPdesk's] attorney fees and costs to be awarded via non-hearing motion."

On June 5, 2013, VIPdesk filed its motion for attorney's fees (attorney's fees motion) in which it maintained that it "incurred a total of $16,800.41 in attorney's fees (inclusive of general excise taxes) and $288.87 in costs defending this case in this Court." Tagupa filed her memorandum in opposition on June 12, 2014. In her memorandum, Tagupa argued that VIPdesk should not be awarded attorney's fees as VIPdesk had not prevailed in the action, and there "ha[d] been no determination by this Court that [Tagupa's] legal claims are unreasonable, frivolous, meritless or vexatious." Tagupa contended that the "work performed by [VIPdesk] will be used by [VIPdesk] in the furtherance of this case in Federal Court," VIPdesk "will use the same discovery in the Federal Court case," and VIPdesk was not prejudiced by the dismissal.

On June 17, 2013, the district court issued an Order Awarding Attorney's Fees, in which it granted VIPDesk's nonhearing attorney's fees motion and awarded VIPdesk the entire amount requested in the amount of $16,800.41 "as reaasonable attorney's fees" and $288.87 in costs, for a total amount of $17,089.28. The district court handwrote on the Order Awarding Attorney's Fees that "pursuant to HDCRCP 41(a)(2) and [Hawaiʻi Revised Statutes (HRS)] § 607-14.5[, the] Court finds that the

Plaintiff's claim for jurisdiction amount was frivolous under Section 607-14.5(b)."[5]  On July 18, 2013, Tagupa filed a notice of appeal to the ICA from the Judgment filed on June 17, 2013.

## II.  Appellate Proceedings

### A.    Briefs

In her Opening Brief, Tagupa argued that the district court erred in its Order Awarding Attorney's Fees.  Tagupa contended that the district court granted VIPdesk's attorney's fees and costs prematurely, before the merits of the case had been decided and before a prevailing party was properly identified.

Tagupa noted that the district court awarded attorney's fees pursuant to HDCRCP 41(a)(2) and HRS § 607-14.5 (Supp. 2013) even though VIPdesk "cited only rules 7(b) and 41(a)(2) [of the HDCRCP] as the basis for granting attorney's fees."  Tagupa argued that to award attorney's fees under HRS §

---

[5]  HRS § 607-14.5(b) (Supp. 1999) provides, in relevant part:

> (b)  In determining the award of attorneys' fees and costs and the amounts to be awarded, the court must find in writing that all or a portion of the claims or defenses made by the party are frivolous and are not reasonably supported by the facts and the law in the civil action. In determining whether claims or defenses are frivolous, the court may consider whether the party alleging that the claims or defenses are frivolous had submitted to the party asserting the claims or defenses a request for their withdrawal as provided in subsection (c). If the court determines that only a portion of the claims or defenses made by the party are frivolous, the court shall determine a reasonable sum for attorneys' fees and costs in relation to the frivolous claims or defenses.

607-14.5, the court must find, in writing, that all or a portion of the claims or defenses made by the party were frivolous and not reasonably supported by the facts and the law in the civil action. Tagupa contended that despite the district court's authority to award attorney's fees and costs, the fact that she revised her Complaint prior to filing "does not, in and of itself, demonstrate that [her] claim against [VIPdesk] was 'manifestly and palpably without merit.'"

Tagupa stated that her Complaint had been refiled in the federal district court as a FLSA class action and that it was, at that time, pending trial. Tagupa argued that based on the pending nature of the claim in federal court, the district court had no basis to make a determination as to whether her claim was frivolous, and, therefore, the district court abused its discretion in granting attorney's fees pursuant to HRS § 607-14.5.

Tagupa further claimed that the district court was "simply penalizing [Tagupa], a pro se party, for filing her complaint in the wrong court" and that this was not a proper purpose for an award of attorney's fees. Lastly, Tagupa argued that, as a general rule, each party is responsible for paying his or her own litigation expenses.

VIPdesk filed its Answering Brief, which requested that the Order Awarding Attorney's Fees and Judgment be upheld

and affirmed on appeal.[6] VIPdesk argued that the district court did not err in awarding VIPdesk's attorney's fees and costs under HDCRCP Rule 41(a)(2). VIPdesk maintained that in considering a dismissal under HDCRCP Rule 41(a)(2), a trial court should consider the totality of the circumstances, including equitable factors such as prejudice to the parties. VIPdesk contended that courts typically impose costs and attorney's fees upon the plaintiff in such cases. Thus, VIPdesk argued that the district court was well within its discretion to award VIPdesk's attorney's fees and costs under HDCRCP Rule 41(a)(2), based on the record and its findings that VIPdesk should not have to bear the expense of preparing its defense because Tagupa filed in the wrong court.

VIPdesk next argued that the district court did not err in awarding VIPdesk's attorney's fees and costs under HRS § 607-14.5. VIPdesk noted that the district court satisfied the requirements of HRS § 607-14.5 by making a specific finding that Tagupa's claim regarding the jurisdiction amount in her Complaint was frivolous under HRS § 607-14.5(b), and VIPdesk asserted that this finding was sufficiently supported by the

---

[6] Tagupa identified the district court's Order Awarding Attorney's Fees as the alleged error in this case. Attorney's fees had previously been awarded by the district court's June 4, 2013 order granting Tagupa's motion to dismiss, although no amount had been specified. VIPdesk presented a counterstatement of Tagupa's point of error: "Whether the [district court] erred in awarding [VIPdesk's] attorney's fees and costs."

record because Tagupa admitted that she intentionally reduced the amount of her claim to fall within the jurisdiction of the district court.

VIPdesk also argued that the pendency of Tagupa's federal court claim had no bearing on the issue of attorney's fees because the Order Awarding Attorney's Fees "was not based on the merits of [Tagupa's] FLSA claim but on the 'jurisdictional amount' of the claims that she brought in the [district court]." Lastly, VIPdesk contended that even if the district court erred by awarding VIPdesk attorney's fees and costs under HRS § 607-14.5(b), such error was harmless and did not warrant setting aside the Order Awarding Attorney's Fees because the district court was within its discretion to award VIPdesk's attorney's fees and costs under HDCRCP Rule 41(a)(2).

**B. ICA Summary Disposition Order**

The ICA issued its Summary Disposition Order (SDO) on August 12, 2014, which affirmed the Judgment and the Order Awarding Attorney's Fees.

The ICA found that Tagupa's appeal lacked merit, specifically because the district court was expressly authorized under HDCRCP Rule 41(a)(2) to condition dismissal of the Complaint "upon such terms and conditions as the court deem[ed] proper." The ICA noted that Tagupa provided no argument against

the district court's award of attorney's fees and costs pursuant to HDCRCP Rule 41(a)(2).

The ICA held that "in imposing conditions under HRCP Rule 41(a)(2),[7] the court should endeavor to insure that substantial justice was accorded to both parties." In determining whether a plaintiff's motion for voluntary dismissal is proper under HRCP Rule 41(a)(2), the ICA stated that a trial court "will consider the expense and inconvenience to the defendant and will deny the motion if the defendant will be prejudiced seriously by a dismissal." (Quoting Moniz v. Freitas, 79 Hawai'i 495, 500—01, 904 P.2d 509, 514—15 (1995)) (internal quotation mark deleted). The ICA explained that a court may additionally examine whether "any harm to the defendant may be avoided by imposing terms and conditions on the dismissal." (Quoting id.) (internal quotation mark deleted). The ICA concluded that the district court acted within its discretion in awarding VIPdesk's attorney's fees and costs in order to alleviate any prejudice resulting from the dismissal.

Finally, based on its conclusion that there was no abuse of discretion in the award of attorney's fees pursuant to HDCRCP Rule 41(a)(2), the ICA found that it need not reach

---

7    The ICA noted that HRCP Rule 41(a)(2) contains text identical to that of HDCRCP Rule 41(a)(2) and that, therefore, case law interpreting HRCP Rule 41 informed the court in its application of HDCRCP Rule 41 to this case.

Tagupa's argument that the district court erred by awarding VIPdesk's attorney's fees and costs under HRS § 607-14.5 because any alleged error in the district court's application of HRS § 607-14.5 would be harmless based on HDCRCP Rule 61.[8]  The ICA's Judgment on Appeal affirmed the Order Awarding Attorney's Fees.

### C.  Application for Writ of Certiorari

On October 30, 2014, Tagupa filed her Application seeking review of the ICA's SDO.  Tagupa argues that there is no supporting authority under Hawai'i law providing that HDCRCP Rule 41(a)(2) constitutes authorization for an award of attorneys' fees and costs and that the rule only "applies to a 'voluntary dismissal' initiated by a plaintiff."  Tagupa contends that VIPdesk, rather than Tagupa, invoked HDCRCP Rule 41(a)(2) in this case and that the court sua sponte converted her motion to dismiss the case for lack of subject matter jurisdiction under HDCRCP Rule 12(b)(1) to a motion for dismissal under Rule 41(a)(2).  Tagupa argues that, in awarding attorney's fees under

---

[8]     HDCRCP Rule 61 (1996) provides:

> **HARMLESS ERROR.**
>
> No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice.  The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

Rule 41(a)(2), the district court appeared "to confuse or conflate the issue of 'prejudice' to VIP[d]esk with that concerning its request for litigation expenses already incurred."

Tagupa further argues that, contrary to HDCRCP Rule 78,[9] the district court "reserved the question of the <u>amount</u> of attorney's fees to a non-hearing motion after appropriate submissions by the parties on the issue only." Tagupa contends that had the district court conducted an "in-person hearing on the <u>amount</u> of attorney's fees and costs," it would have had "the opportunity to withdraw [its] converted 'voluntary' dismissal motion or otherwise have the Order set aside on the grounds that the <u>amount</u> of the fees and costs imposed would be too onerous." Tagupa also asserts that the district court erred by ruling that her downward adjustment of her monetary claim was frivolous.[10]

---

[9] HDCRCP Rule 78 (1996) states as follows:

Unless local conditions make it impracticable, each district court shall establish regular times and places, at intervals sufficiently frequent for the prompt dispatch of business, at which motions requiring notice and hearing may be heard and disposed of; but the judge at any time or place and on such notice, if any, as the judge considers reasonable may make orders for the advancement, conduct, and hearing of actions.

To expedite its business, the court may make provisions by rule or order for the submission and determination of motions without oral hearing upon brief written statements of reasons in support and opposition.

[10] Tagupa also contends that permitting attorney's fees for non-movants in voluntary dismissal actions without any specific limitation on the amount awarded is contrary to public policy. Tagupa maintains that no
(continued . . .)

VIPdesk filed a Response to Tagupa's Application, asking that Tagupa's Application be denied.  VIPdesk argues that the ICA did not err in affirming the district court's award of attorney's fees and costs under HDCRCP 41(a)(2).  VIPdesk maintains that while there are not any Hawai'i cases that discuss an award of attorney's fees and costs under HDCRCP 41(a)(2), there is ample authority for a court's ability to impose conditions on a plaintiff's voluntary dismissal of her case.  VIPdesk argues that federal courts applying FRCP Rule 41(a)(2), which is virtually identical to HDCRCP Rule 41(a)(2), have held that the rule affords courts broad discretion in imposing appropriate conditions in the dismissal of a case, including the payment of attorney's fees and costs.

### III. DISCUSSION

Tagupa's motion to dismiss for lack of subject matter jurisdiction was converted by the district court into a voluntary dismissal by order of the court pursuant to HDCRCP

---

(. . . continued)
limitation will discourage otherwise meritorious voluntary dismissals by plaintiffs, resulting in an unnecessary cluttering of the district court docket.  We do not address this contention because it was not raised at the district court or the ICA, as Tagupa acknowledges in her Application, and, therefore, was waived.  See Kemp v. State of Haw. Child Support Enforcement Agency, 111 Hawai'i 367, 391, 141 P.3d 1014, 1038 (2006) (holding that an argument not raised at the trial court "will be deemed to have been waived on appeal"); Enoka v. AIG Haw. Ins. Co., 109 Hawai'i 537, 546, 128 P.3d 850, 859 (2006) (accord).

14

Rule 41(a)(2).[11] The district court granted the motion upon the condition that Tagupa pay VIPdesk's attorney's fees. In imposing this condition, the district court relied upon HDCRCP Rule 41(a)(2) and HRS § 607-14.5.

Three issues are presented to this court: (1) whether the district court, after converting Tagupa's motion to a request for a voluntary dismissal under HDCRCP Rule 41(a)(2), possessed the authority to impose payment of attorney's fees as a condition of the dismissal; (2) whether Tagupa was improperly deprived of the opportunity to withdraw her motion to dismiss or otherwise have the Order set aside on the grounds that the amount of the fees and costs imposed would be too onerous; and (3) whether the Complaint was frivolous under HRS § 607-14.5, which triggered a separate basis for the award of attorney's fees and costs.

---

[11]    Initially, Tagupa moved, "pursuant to rules 7, 9, [and] 12(b)(1)" of the HRCP, to dismiss the case for lack of subject matter jurisdiction. However, Rule 12, under both the HRCP and the HDCRCP, governs defenses that may be asserted in pleadings responsive to a complaint and does not provide relief for a plaintiff seeking to dismiss one's own claim. In any event, as VIPdesk argued, the district court did have jurisdiction over Tagupa's claim because the Complaint did not allege any federal causes of action, and the district court had subject matter jurisdiction over Tagupa's state law causes of action. See, e.g., HRS § 387-12(c) (Supp. 1999) (wage and hour claims "may be maintained in any court of competent jurisdiction by any one or more employees"). Even if Tagupa had alleged a claim under the FLSA, as she argued in her motion to dismiss, FLSA claims may be pursued in both federal and state courts and, thus, the district court would maintain subject matter jurisdiction over her purported FLSA claim. See 29 U.S.C. § 216(b) (2012) (a FLSA action may be "maintained against any employer . . . in any Federal or State Court of competent jurisdiction"). Thus, Tagupa's motion to dismiss for lack of subject matter jurisdiction could have been denied on the merits.

## A. Payment of Attorney's Fees as a Condition for Voluntary Dismissal under HDCRCP Rule 41(a)(2)

HDCRCP Rule 41(a)(2),[12] in relevant part, provides that "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." Dismissal under HDCRCP Rule 41(a)(2) is without prejudice "[u]nless otherwise specified in the order." Generally, in evaluating a motion for voluntary dismissal under Rule 41(a)(2), the court "will consider the expense and inconvenience to the defendant and will deny the motion if the defendant will be prejudiced seriously by a

---

[12] HDCRCP Rule 41(a) (1996) provides the following:

(a) Voluntary dismissal: Effect thereof.

(1) By plaintiff; by stipulation. An action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before the return date as provided in Rule 12(a) or service by the adverse party of an answer or of a motion for summary judgment, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States, or of any state, territory or insular possession of the United States an action based on or including the same claim.

(2) By order of court. Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon that defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

16

dismissal." Moniz, 79 Hawai'i at 500, 904 P.2d at 514 (quoting 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2364 (2d ed. 1994) [hereinafter Federal Practice 2d]). Alternatively, if the court finds that the defendant will be prejudiced by dismissal, in lieu of denying the motion to dismiss, "[t]he court will examine the possibility that any harm to the defendant may be avoided by imposing terms and conditions on the dismissal." Id. The trial court has discretion to impose "such terms and conditions as the court deems proper," considering the totality of the circumstances "to insure that substantial justice is accorded to both parties." Id. (emphasis added); HDCRCP Rule 41(a)(2).

While this court has not previously addressed whether attorney's fees may be imposed as a term or condition of voluntary dismissal under HDCRCP Rule 41(a)(2), there is abundant authority interpreting comparable provisions of the Federal Rules of Civil Procedure (FRCP),[13] and, to a lesser extent, the Hawai'i Rules of Civil Procedure (HRCP),[14] which addresses this issue.

---

[13]     FRCP Rule 41(a)(2) states, in relevant part, "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." (Emphasis added).

[14]     HRCP Rule 41(a)(2) and HDCRCP Rule 41(a)(2) are identical and state, in relevant part, "Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as

(continued . . .)

17

Since HDCRCP Rule 41(a)(2) is identical to HRCP Rule 41(a)(2) (2012) and essentially identical to FRCP Rule 41(a)(2) (2010), cases interpreting and applying HRCP Rule 41(a)(2) and FRCP Rule 41(a)(2) may be consulted for guidance in interpreting HDCRCP Rule 41(a)(2).  See Kawamata Farms, Inc. v. United Agri Prods., 86 Hawai'i 214, 252, 948 P.2d 1055, 1093 (1997) (holding that authorities interpreting a federal rule of civil procedure are highly persuasive in interpreting an essentially identical Hawai'i rule of civil procedure where there is an absence of case law interpreting the latter); accord State v. Shannon, 118 Hawai'i 15, 40, 185 P.3d 200, 225 (2008).

Although the two Hawai'i cases that address the imposition of terms and conditions under HRCP Rule 41(a)(2) did not consider whether attorney's fees may be imposed as a condition of voluntary dismissal, both support the conclusion that attorney's fees may be properly imposed as a condition of dismissal under HRCP Rule 41(a)(2).  See Sapp v. Wong, 3 Haw. App. 509, 654 P.2d 883 (1982); Moniz, 79 Hawai'i 495, 904 P.2d 509 (1995).

In Sapp, the plaintiffs filed a motion for voluntary dismissal under HRCP Rule 41(a)(2) and noted in a supporting

---

(. . . continued)
the court deems proper."  HDCRCP Rule 41(a)(2), HRCP Rule 41(a)(2) (emphasis added).

18

memorandum that they intended to pursue their claims in federal court rather than in state court.  Id. at 511, 654 P.2d at 885. Although the plaintiffs submitted a proposed order to dismiss the case without prejudice, the trial court ultimately ordered that the case be dismissed with prejudice.  Id. at 512—13, 654 P.2d at 885—86.  In ordering this disposition, the trial court considered the circumstances of the case and found that the defendant would be unduly prejudiced if the plaintiffs were permitted to refile the case in state court.  Id.  The plaintiffs appealed, arguing that the trial court erred by imposing a "with prejudice" condition on their voluntary dismissal.  Id.  The ICA concluded that the trial court was permitted to order, as a condition under HRCP Rule 41(a)(2), the case to be dismissed with prejudice; however, the ICA remanded the case to the trial court to allow the plaintiffs the opportunity to withdraw their motion.[15]  Id. at 514, 654 P.2d at 887.

---

[15]     In finding that dismissal with prejudice was warranted by the circumstances of the case, the ICA noted the following facts:

> [P]laintiffs had identical actions pending in federal and state courts since 1973 and 1974, respectively. . . .  Lis pendens were filed by plaintiffs in 1974 and since then have encumbered 44 parcels of real property owned by defendants.  The matter was tried once below and plaintiffs lost.  After reversal and remand, defendants were prepared to go to trial again when plaintiffs made their [Rule 41(a)(2)] motion.  Defendants have undoubtedly been put to great expense in this matter alone.  We find that these circumstances amount to a quantum of prejudice to the defendant that supports the action of the court below.

(continued . . .)

In Moniz, this court considered whether the trial court had the authority to reinstate an arbitration award as a condition of voluntary dismissal under HRCP Rule 41(a)(2). Moniz, 79 Hawaiʻi at 500—01, 904 P.2d at 514—15. The court noted that "when imposing such conditions, a trial court should consider the totality of the circumstances consistent with substantial justice, taking into account equitable factors such as prejudice to either party." Id. Under the facts of that case, we held that the trial court had discretion to reinstate an arbitration award as a condition of dismissal under HRCP Rule 41(a)(2). Id.

In light of the conditions imposed under Sapp and Moniz, including dismissal with prejudice, which is the harshest of sanctions,[16] we hold that it is within the discretion of the trial court to require the payment of attorney's fees as a condition of dismissal under HRCP Rule 41(a)(2). This conclusion is consistent with federal courts that have held that attorney's fees may be properly awarded as a term of voluntary dismissal under FRCP Rule 41(a)(2). See 9 Charles Alan Wright &

---

(. . . continued)
Sapp, 3 Haw. App. at 515, 654 P.2d at 884.

[16] See Malone v. U.S. Postal Serv., 833 F.2d 128, 132 n.1 (9th Cir. 1987) (stating that dismissal with prejudice is "the ultimate sanction" (quoting Callip v. Harris Cnty. Child Welfare Dep't, 757 F.2d 1513, 1521 (5th Cir. 1985))); Bergstrom v. Frascone, 744 F.3d 571, 575 (8th Cir. 2014) (characterizing dismissal with prejudice as "drastic and extremely harsh" (quoting Sterling v. United States, 985 F.2d 411, 412 (8th Cir. 1993))).

Arthur R. Miller, Federal Practice and Procedure § 2366, at 522—
49 (3d ed. 2008 & Supp. 2014) [hereinafter Federal Practice
3d]).[17]

We note that although the trial court is permitted to
award attorney's fees upon voluntary dismissal under FRCP Rule
41(a)(2), the court is not obligated to do so. See Stevedoring
Servs. of Am. v. Armilla Int'l B.V., 889 F.2d 919, 921 (9th Cir.
1989) (payment of attorney's fees is not a prerequisite to an
order granting voluntary dismissal); DWG Corp. v. Granada Inv.,
Inc., 962 F.2d 1201, 1202 (6th Cir. 1992) (noting that "no
requirement or rule" mandating the award of attorney's fees for
voluntary dismissals "exists in this or in any other Circuit"
and that "as a matter of law [] defense costs need not be
awarded"); N.Y., C & St. L.R. Co. v. Vardaman, 181 F.2d 769,
771—72 (8th Cir. 1950)).

### B. Notice and Opportunity to Withdraw

While a trial court has discretion to impose terms and
conditions when granting a motion for voluntary dismissal under
Rule 41(a)(2), courts of Hawaiʻi and other jurisdictions provide
the plaintiff with an opportunity to withdraw the motion to

---

[17] See also Westlands Water Dist. v. United States, 100 F.3d 94, 97
(9th Cir. 1996) (stating that the "defendants' interests can be protected by
conditioning the dismissal without prejudice upon the payment of appropriate
costs and attorney fees"); Pontenberg v. Bos. Scientific Corp., 252 F.3d
1253, 1260 (11th Cir. 2001) (district court acted within its discretion by
conditioning the dismissal on the payment of costs to defendant should
plaintiff refile the case).

dismiss in light of the conditions imposed "to insure that substantial justice is accorded to <u>both</u> parties."  <u>Moniz</u>, 79 Hawai'i at 500, 904 P.2d at 514 (quoting 9 Wright & Miller, <u>Federal Practice 2d</u> § 2364) (emphasis added).

When a plaintiff requests voluntary dismissal but does not mention conditions, the trial court can specify conditions on which it will allow dismissal, and "[i]f the conditions are too onerous, the plaintiff need not accept the dismissal on those terms."  <u>Id.</u>  Not affording the plaintiff an opportunity to withdraw the motion for voluntary dismissal is tantamount to an abuse of discretion.  <u>See</u> <u>Sapp</u>, 3 Haw. App. 509, 654 P.2d 883.  In <u>Sapp</u>, discussed <u>supra</u>, the plaintiffs had identical actions pending in both state and federal courts for nearly a decade.  <u>Sapp</u>, 3 Haw. App. at 512—13, 654 P.2d at 885—86.  In the state action, the plaintiffs lost at trial and appealed. <u>Id.</u>  On appeal, the judgment was vacated and the case was remanded for a new trial.  <u>Id.</u>  On remand, the plaintiffs opposed the defendants' motion to set a trial date and subsequently filed a motion to dismiss the action without prejudice under HRCP Rule 41(a)(2).  <u>Id.</u>  The trial court granted the plaintiffs' Rule 41(a)(2) motion but conditioned the dismissal as being with prejudice.  <u>Id.</u>  The plaintiffs appealed, arguing that the trial court erred by imposing a "with prejudice" condition on the dismissal.  <u>Id.</u>

22

The ICA found that the "defendants ha[d] undoubtedly been put to great expense in this matter" and "that [the] circumstances [of the case] amount to a quantum of prejudice to the defendant."  Id.  Thus, the ICA concluded that the trial court was permitted to order, as a condition under HRCP Rule 41(a)(2), that the case be dismissed with prejudice.  Id. However, the ICA found that the "conditions imposed were not requested by [the] plaintiffs and they were not given the opportunity to choose between accepting the condition or proceeding with the case."  Id. at 514, 654 P.2d at 887.  The ICA "deem[ed] this omission to be an abuse of discretion" and remanded the case "to allow [the] plaintiffs to withdraw their [Rule 41(a)(2)] motion if they [felt] the condition [was] too onerous."[18]  Id.

The legal principle enunciated by the Sapp court--that plaintiffs should be given notice of the conditions that the court intends to impose upon dismissal, if any, and the opportunity to withdraw the request for dismissal if a plaintiff finds the conditions to be unacceptable--is broadly supported by cases from other jurisdictions.  See Lau v. Glendora Unified

_____

[18]    Although the ICA noted that "[i]t is a better practice when imposing conditions under Rule 41(a)(2), HCRP, to allow [the] plaintiff the option not to dismiss if he feels that the conditions are too onerous," Sapp, 3 Haw. App. at 514, 654 P.2d at 887, the ICA determined that it was an abuse of discretion not to have allowed the plaintiff an opportunity to withdraw the motion to dismiss.

Sch. Dist., 792 F.2d 929, 930 (9th Cir. 1986) (remanding the case "to allow the plaintiff a reasonable time within which to withdraw her motion for a voluntary dismissal and proceed to trial or consent to the dismissal despite the attachment of conditions"); Mortg. Guar. Ins. Corp. v. Richard Carlyon Co., 904 F.2d 298, 301 (5th Cir. 1990) ("Ordinarily, the plaintiff has the option to refuse a Rule 41(a)(2) voluntary dismissal and to proceed with its case if the conditions imposed by the court are too onerous"; however, the plaintiff must timely move to withdraw its motion to dismiss); United States v. One Tract of Real Prop. Together With all Bldgs., Improvements, Appurtenances & Fixtures, 95 F.3d 422, 426 (6th Cir. 1996) (concluding that the district court abused its discretion by not giving plaintiff an opportunity to withdraw its motion to dismiss once conditions were imposed).[19]

Accordingly, we hold that although a trial court has discretion to impose terms and conditions, including attorney's

---

[19]     See also Mother & Father v. Cassidy, 338 F.3d 704, 713 (7th Cir. 2003) (stating that FRCP 41(a)(2) "grants plaintiff the option of withdrawing his motion if the district court's conditions are too onerous, and proceeding instead to trial on the merits" (quoting Marlow, 19 F.3d at 304) (internal quotation mark omitted)); Gravatt v. Columbia Univ., 845 F.2d 54, 56 (2d Cir. 1988) (holding "that fundamental fairness requires interpreting Rule 41(a)(2) to afford the plaintiff an opportunity to withdraw his motion and proceed with the litigation in the event that a district judge proposes to convert a voluntary dismissal to one with prejudice" (citing Andes v. Versant Corp., 788 F.2d at 1037)); GAF Corp. v. Transamerica Ins. Co., 665 F.2d 364, 367-68 (D.C. Cir. 1981) (concluding that "a plaintiff has the choice between accepting the conditions and obtaining dismissal and, if he feels that the conditions are too burdensome, withdrawing his dismissal motion and proceeding with the case on the merits").

fees and costs, when granting a motion for voluntary dismissal under Rule 41(a)(2), the court, in order "to ensure that substantial justice [is] accorded to both parties," also must provide the plaintiff with the opportunity to either (1) withdraw the request for dismissal if the plaintiff finds the conditions to be unacceptable or (2) accept the terms and conditions of the dismissal.  See Moniz, 79 Hawaiʻi at 500, 904 P.2d at 514; Sapp, 3 Haw. App. at 514, 654 P.2d at 8879; 9 Wright & Miller, Federal Practice 3d § 2366, at 522—23.[20]

In this case, during the hearing on Tagupa's motion to dismiss, the court inquired as to Tagupa's position on VIPdesk's motion for attorney's fees should the court grant the motion to dismiss.  Tagupa requested that she not be required to pay VIPdesk's attorney's fees because she inadvertently commenced her action in the wrong court.  Tagupa's attorney represented to the district court that the action would be reinstituted in federal court once it was dismissed by the district court.  The

[20]     In appropriate circumstances, a court may consider staying the proceedings pending resolution of the same case filed in another forum or jurisdiction.  See City of Honolulu v. Ing, 100 Hawaiʻi 182, 193 n.16, 58 P.3d 1229, 1240 n.16 (2002) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." (quoting Air Line Pilots Ass'n v. Miller, 523 U.S. 866, 880 (1998))); Blake v. Cnty. of Kauaʻi Planning Comm'n, 131 Hawaiʻi 123, 137—38, 315 P.3d 749, 763-64 (2013) (accord); cf., Pence v. Lightning Rod Mut. Ins. Co., 203 F. Supp. 2d 1025, 1029 (S.D. Ind. 2002) (upon defendant's motion, court stayed declaratory judgment claim to await resolution of the same claim pending in state court).

district court granted the motion to dismiss and awarded VIPdesk reasonable attorney's fees and costs pursuant to Rule 41.

After the hearing, the court filed its order granting Tagupa's motion to dismiss, in which the court noted, inter alia, that VIPdesk "is to be awarded reasonable attorney's fees and costs incurred in defending this case in this court." Thereafter, VIPdesk indicated that it incurred a total of $16,800.41 in attorney's fees (inclusive of general excise taxes) and $288.87 in costs defending the case in the district court. Tagupa filed an opposition pleading, and the court awarded the full amount of VIPdesk's requested fees and costs.

As Tagupa argued in her Application, because the court did not conduct a hearing on the amount of attorney's fees and costs it imposed upon dismissal of the case, Tagupa did not have "the opportunity to withdraw her converted 'voluntary' dismissal motion or [to] have the Order set aside on the grounds that the amount of the fees and costs would be too onerous." Thus, the district court abused its discretion in the manner of its dispostion of the motion to dismiss, and this case must be remanded to provide Tagupa with the opportunity to reject the terms and conditions of the dismissal order, withdraw the motion, and continue litigating the case at the district court, or accept the terms and conditions that may be imposed upon remand and have the case dismissed without prejudice. See Sapp,

3 Haw. App. at 514, 654 P.2d at 887; Lau, 792 F.2d at 930;

Mortg. Guar. Ins. Corp., 904 F.2d at 301.

### C.    Attorney's Fees for Frivolous Claims under HRS § 607-14.5

As an additional ground for awarding attorney's fees in this case, the judge hand-wrote on the Order Awarding Attorney's Fees that the fees were awarded "pursuant to HDCRCP 41(a)(2) and §§ 607-14.5 HRS" and that the "court finds that the Plaintiff [sic] claim for jurisdiction amount was frivolous under Section 607-14.5."[21]

Pursuant to HRS § 607-14.5(a) and (b), to award attorney's fees for a frivolous claim, the court must make "a specific finding" in writing "that all or a portion of the

_____

[21]    HRS section 607-14.5 states, in relevant part:

Attorneys' fees and costs in civil actions.

(a)  In any civil action in this State where a party seeks money damages or injunctive relief, or both, against another party, and the case is subsequently decided, the court may, as it deems just, assess against either party, whether or not the party was a prevailing party, and enter as part of its order, for which execution may issue, a reasonable sum for attorneys' fees and costs, in an amount to be determined by the court upon a specific finding that all or a portion of the party's claim or defense was frivolous as provided in subsection (b).

(a)   In determining the award of attorneys' fees and costs and the amounts to be awarded, the court must find in writing that all or a portion of the claims or defenses made by the party are frivolous and are not reasonably supported by the facts and the law in the civil action.

(Emphases added).

claims . . . made by the party are frivolous and are not reasonably supported by the facts and law in the civil action."

A frivolous claim is a "claim so manifestly and palpably without merit, so as to indicate bad faith on the [pleader's] part such that argument to the court was not required." Coll v. McCarthy, 72 Haw. 20, 29—30, 804 P.2d 881, 887 (1991) (quoting Kawaihae v. Hawaiian Ins. Cos., 1 Haw. App. 355, 361, 619 P.2d 1086, 1091 (1980)). A finding of frivolousness is a high bar; it is not enough that a claim be without merit, there must be a showing of bad faith. See Canalez v. Bob's Appliance Serv. Ctr., Inc., 89 Hawaiʻi 292, 300, 972 P.2d 295, 303 (1999) (in a personal injury action, even assuming that the plaintiff's counsel made untrue or inaccurate statements regarding the plaintiff's injuries, the claim was not deemed frivolous because there was no showing of bad faith); Lee v. Hawaii Pac. Health, 121 Hawaiʻi 235, 246—47, 216 P.3d 1258, 1269—70 (App. 2009) (although the plaintiff's arguments were without merit, the commencement of the action was not frivolous because the plaintiff did not act in bad faith).

Here, other than the court's handwritten one-sentence notation on its order finding Tagupa's "jurisdiction amount" to be frivolous, the court made no other finding, written or otherwise, that Tagupa's claim was frivolous. Additionally, prior to the court's ruling on this ground, VIPdesk had never

28

claimed that Tagupa's claim was frivolous; in fact, VIPdesk itself asserted that the claim could be brought in either the district court or federal court.

When Tagupa filed her Complaint, pro se, she reduced the amount in controversy from $35,000 to $25,000 to bring her claim within the district court's jurisdiction. Although there is authority intimating that an excessive and unreasonable amount of damages may be an "indication of the frivolous and bad faith nature" of an action, Bright v. Superior Court, 780 F.2d 766, 722 n.8 (9th Cir. 1986), VIPdesk cites no authority to suggest that choosing--for reasons of strategy, expense, or otherwise--to claim a lesser amount of damages than Tagupa may otherwise be entitled indicates frivolousness or bad faith.

There is simply no evidence in the record that Tagupa filed her complaint and pursued her case in bad faith or that the amount of her claim was otherwise frivolous. Inasmuch as the record does not support the district court's conclusion that Tagupa's claim was frivolous so as to indicate bad faith on the pleader's part such that argument to the court was not required, the district court abused its discretion in granting attorney's fees pursuant to HRS § 607-14.5.

29

### D. Remand to the District Court and Guidance in Determining Fees and Costs

The district court erred in failing to provide Tagupa with the opportunity to withdraw her motion to dismiss. Accordingly, we vacate the district court's Judgment and the ICA Judgment on Appeal. Upon remand, the district court must determine the amount of attorney's fees and costs, if any, that is justified by the relevant equities in this case so as to accomplish substantial justice. See Moniz, 79 Hawai'i at 500, 904 P.2d at 514; McCants v. Ford Motor Co., 781 F.2d 855, 857 (11th Cir. 1986). Upon being informed of the conditions of a dismissal, if any, including the amount of attorney's fees and costs that she must pay VIPdesk, Tagupa will have the opportunity to withdraw the motion to dismiss if she finds the conditions unacceptable. See Moniz, 79 Hawai'i at 500, 904 P.2d at 514; Sapp, 3 Haw. App. at 514, 654 P.2d at 8879; 9 Wright & Miller, Federal Practice 3d § 2366, at 522—23.

Because we vacate the judgment of the district court and remand this case to that court in order to provide Tagupa with the opportunity to withdraw the motion to dismiss, to provide guidance on remand, we briefly discuss the approach that should guide a trial court in setting the amount of attorney's fees and costs when they are made a condition of voluntary dismissal. See, e.g., Gap v. Puna Geothermal Venture, 106

Hawai'i 325, 341—43, 104 P.3d 912, 928–30 (2004) (offering guidance to circuit court on remand as to setting appropriate sanction); Nelson v. Univ. of Haw., 97 Hawai'i 376, 385 n.6, 38 P.3d 95, 104 n.6 (2001) (addressing evidentiary issues to provide guidance to the court on remand).

Payment of attorney's fees and costs to a defendant is merely a species of the various terms and conditions that a trial court may impose upon a plaintiff's motion for voluntary dismissal. See 9 Wright & Miller, Federal Practice 3d § 2366, at 540 (stating that, aside from the "payment of money," conditions may include a requirement "that the plaintiff produce documents or agree to allow any discovery in the dismissed action to be used in any subsequent action or otherwise reduce the inconvenience to the defendant caused by the dismissed case"); see, e.g., Moniz, 79 Hawai'i at 500—01, 904 P.2d at 514—15 (conditioning voluntary dismissal on the reinstatement of an arbitration award); In re Wellbutrin XL, 268 F.R.D. 539, 544 (E.D. Pa. 2010) (conditioning voluntary dismissal on the plaintiff's compliance with a previous court-ordered discovery). Before imposing attorney's fees and costs (as is the case when imposing any other condition), a court should strive "to insure that substantial justice is accorded to both parties." Moniz, 79 Hawai'i at 500, 904 P.2d at 514 (emphasis added) (quoting 9

31

Wright & Miller, Federal Practice 2d § 2364); HDCRCP Rule 41(a)(2).

Because the substantial justice standard is not susceptible to exact exposition, its application necessarily will produce different results depending on, and tailored to, the particular circumstances present in a case. The trial court should balance all of the "relevant equities" so as to "do justice between the parties in each case," and if attorney's fees and costs are to be imposed, they should be reasonable and "deemed appropriate." McCants, 781 F.2d at 857.

For example, there might be instances where substantial justice is most effectively realized if the amount of attorney's fees and costs awarded excludes "expenses for items that will be useful in another action." 9 Wright & Miller, Federal Practice 3d § 2366, at 532; see Westlands Water Dist., 100 F.3d at 97—98 (holding that "the defendants should only be awarded attorney fees for work which cannot be used in any future litigation of these claims"); McLaughlin v. Cheshire, 676 F.2d 855, 856—57 (D.C. Cir. 1982) ("[W]here a plaintiff seeks voluntary dismissal in one forum to pursue pending litigation against the defendant in another forum, the defendant is not entitled to reimbursement for expenses incurred in preparing work product that has been or will be useful in the continuing litigation."); Davis v. USX Corp., 819 F.2d 1270,

1276 (4th Cir. 1987) (holding that there is no reason to award attorneys' fees for work and resources that "will be easily carried over to litigation of the plaintiff's cause of action" in another jurisdiction); Thoubboron v. Ford Motor Co., 809 A.2d 1204, 1211 (D.C. 2002) ("Attorney's fees and costs are limited to the amount expended for work that cannot be applied to the subsequent lawsuit concerning the same claims . . . .").[22]

The justification for excluding expenses for items that will be useful in another action is grounded in the twofold purpose of awarding attorney's fees and costs as a term or condition of voluntary dismissal: "to compensate the defendant for the unnecessary expense that the litigation has caused," Cauley v. Wilson, 754 F.2d 769, 772 (7th Cir. 1985), "and to deter vexatious litigation," Bishop v. W. Am. Ins. Co., 95 F.R.D. 494, 495 (N.D. Ga. 1982) (citing 5 J. Moore, J. Lucas & J. Wicker, Moore's Federal Practice §§ 41.05[1], 41.06 (2d ed. 1982)). Where the plaintiff is voluntarily dismissing an action

---

[22] Some courts have allowed the defendant to recoup all litigation-related expenses from the plaintiff even if some of the work and materials could be used in a subsequent litigation of the same case. See, e.g., LeBlang Motors, Ltd. v. Subaru of Am., Inc., 148 F.3d 680, 685—86 (7th Cir. 1998) (allowing defendant to recoup all trial-preparation expenses because plaintiff moved for voluntary dismissal at the eve of trial, court informed plaintiff that it would consider granting the motion only if plaintiff agrees to the condition, and plaintiff expressly agreed); Am. Cyanamid Co. v. McGhee, 317 F.2d 295, 297—98 (5th Cir. 1963) (condition requiring plaintiff to pay defendant's costs and reasonable attorney's fees, without limiting the award to only those that had been rendered useless by the voluntary dismissal, was not an abuse of discretion because trial court considered "elements[] traditionally called upon to underpin our concepts of reasonableness and fairness").

in order to commence the same action in a different forum or jurisdiction, the defendant faces the risk of incurring duplicative litigation costs.  See Cauley, 754 F.2d at 772; Taragan v. Eli Lilly & Co., 838 F.2d 1337, 1340 (D.C. Cir. 1988).  At the same time, because the defendant inevitably will have to defend against the same action, it would generally be inequitable to allow the defendant to recoup all attorney's fees and costs because some of them were expended for work and materials that can be carried over to, and utilized in, the subsequent litigation.[23]

We therefore hold that in applying the substantial justice standard to the amount of attorney's fees and cost imposed as a condition to voluntary dismissal, the court should consider such factors as (1) the reasonableness of the amount of attorney's fees and costs; (2) whether another cause of action concerning the same subject matter is contemplated by the plaintiff against the defendant; (3) whether some work or materials produced for the case subject to dismissal could be utilized in the litigation of the later-filed case; and (4) the

---

[23] In such a case, recoupment of all attorney's fees and costs not only would compensate the defendant for the prejudice that the voluntary dismissal would cause, which is fair and proper, see Cauley, 754 F.2d at 772, but would also provide the defendant with a potentially unjust windfall, see GAF Corp., 665 F.2d at 369–70 (holding that payment for "expenses incurred in preparing work product that will be useful in the ongoing litigation in" another jurisdiction "would amount to a windfall to" the defendant).

prejudicial effect of dismissal to the defendant beyond the prospect of subsequent litigation.

In its motion for attorney's fees, VIPDesk submitted a summary of its fees and expenses incurred in defending against Tagupa's claims, totaling $16,800.41 in attorney's fees and $288.87 in costs.  The court granted the full amount of VIPdesk's requested fees and costs, and it appears that the court simply accepted VIPdesk's accounting of fees and costs and did not engage in the requisite weighing of the relevant equities to arrive at its award to VIPdesk.  See McCants, 781 F.2d at 857.  The district court's order reflects no finding that the amount of attorney's fees and costs were calculated to accomplish substantial justice in light of the facts and circumstances of this case.[24]  Hence, upon remand, the district court should also consider the foregoing approach in setting the amount of attorney's fees and costs if the court, in its discretion, decides to impose such a condition for voluntary dismissal.

### IV. CONCLUSION

Although we find that the trial court has discretion to impose attorney's fees as a term or condition of voluntary dismissal under HDCRCP Rule 41(a)(2), in this case the district

---

[24]    Further, the district court could not have conducted an in-court balancing of the factors in this case because no hearing was ever held.

court abused its discretion by not providing Tagupa with an opportunity to choose between accepting this condition or withdrawing her motion to dismiss.  Finally, we find that the district court abused its discretion by failing to evaluate, and make findings on, whether the award and amount of attorney's fees and costs accords substantial justice to both parties.  Accordingly, we vacate the judgment of the ICA and the district court's June 17, 2013 Judgment and June 17, 2013 Order Granting Defendant's Motion for Award of Attorney's Fees and Costs and remand the case to the district court for proceedings consistent with this opinion.

| | |
|---|---|
| Lottie Tagupa<br>petitioner pro se | /s/ Mark E. Recktenwald |
| | /s/ Paula A. Nakayama |
| Robert D. Triantos and<br>Edmund W.K. Haitsuka<br>for respondent | /s/ Sabrina S. McKenna |
| | /s/ Richard W. Pollack |
| | /s/ Michael D. Wilson |

