**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000519
28-JUN-2024
04:27 PM
Dkt. 52 SO**

NO. CAAP-20-0000519

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

CAVALIER CONSTRUCTION, INC., Lienor-Appellant, v.
DENNIS PATRICK RICE and DEANN MONIQUE RICE, Respondents-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(M.L. NO. 1ML191000025)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting, C.J., and Wadsworth and McCullen, JJ.)

Lienor-Appellant Cavalier Construction, Inc. (**Cavalier**) appeals from the July 29, 2020 Final Judgment, entered in favor of Respondents-Appellees Dennis Patrick Rice and Deann Monique Rice (together, the **Rices**) and against Cavalier by the Circuit Court of the First Circuit (**Circuit Court**). Cavalier also challenges the Circuit Court's: (1) June 13, 2019 "Order Granting [the Rices'] Motion for Summary Judgment as to [Cavalier's] March 20, 2019 Application for Mechanic's and Materialman's Lien [(**Lien Application**)]" (**MSJ Order**); (2) April 17, 2020 "Order Granting in Part and Denying in Part [the Rices'] Motion for Attorneys' Fees and Costs" (**Fees Order**); and (3) July 29, 2020 "Order Granting in Part and Denying in Part [the Rices'] Supplemental Non-Hearing Motion for Attorneys' Fees" (**Supplemental Fees Order**).[1]

---

[1] The Honorable James C. McWhinnie entered the MSJ Order. The Honorable Lisa W. Cataldo entered the Fees Order, the Supplemental Fees Order, and the Judgment.

On appeal, Cavalier contends that the Circuit Court erred in: (1) granting the Rices' May 13, 2019 motion for summary judgment (**MSJ**), where there were genuine issues of material fact; and (2) granting in part the Rices' August 30, 2019 motion for attorneys' fees and costs (**Fees Motion**) and their May 14, 2020 supplemental motion for attorneys' fees and costs (**Supplemental Fees Motion**), where Cavalier's claim was not frivolous.

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Cavalier's contentions as follows.

(1) Cavalier contends that the Circuit Court erred in granting the MSJ, where there were "multiple genuine issues of material fact regarding (1) the actions of [the Rices] in refusing or failing to sign the written Construction Agreement and the Hawaii Contractor's Right to Repair Act disclosures provided to them; (2) whether there was an implied contract and if such implied contract is sufficient for [Cavalier] to be entitled to the [subject l]ien; (3) whether the necessary disclosures were provided, and [the Rices] as consumers were given due notice of the terms and obligations of the agreement; [and] (4) whether [Cavalier] substantially complied with [Hawaii Revised Statutes (**HRS**) § 444-25.5[2/]] by providing [the Rices] with

---

[2/]     HRS § 444-25.5 (2013) states:

> **Disclosure; contracts.** (a) Prior to entering into a contract with a homeowner, or at the time a homeowner signs a contract, involving home construction or improvements, licensed contractors shall:
>
> (1)     Explain verbally in detail to the homeowner all lien rights of all parties performing under the contract, including the homeowner, the contractor, any subcontractor, or any materialman supplying commodities or labor on the project;
>
> (2)     Explain verbally in detail the homeowner's option to demand bonding on the project, how the bond would protect the homeowner, and the approximate expense of the bond; and
>
> (3)     Disclose all information pertaining to the contract and its performance and any other
>
> (continued...)

2

the required disclosures and agreement . . . ."

When a contractor fails to comply with the statutory requirements of HRS § 444-25.5, the contractor is barred from obtaining a mechanic's lien pursuant to HRS § 507-42.[3] See 808 Development, LLC v. Murakami, 111 Hawaiʻi 349, 356, 359, 141 P.3d 996, 1003, 1006 (2006) (holding that the statutory provisions of HRS § 444-25.5 are mandatory, and a contractor who fails to provide required disclosures to a homeowner before entering into a construction contract is not entitled to a mechanic's lien upon the property); Hiraga v. Baldonado, 96 Hawaiʻi 365, 373, 31 P.3d

---

[2] (...continued)
relevant information that the board may require by rule.

(b)  All licensed contractors performing home construction or improvements shall provide a written contract to the homeowner.  The written contract shall:

(1)  Contain the information provided in subsection (a) and any other relevant information that the board may require by rule;

(2)  Contain notice of the contractor's right to resolve alleged construction defects prior to commencing any litigation in accordance with section 672E-11;

(3)  Be signed by the contractor and the homeowner; and

(4)  Be executed prior to the performance of any home construction or improvement.

(c)  For the purpose of this section, "homeowner" means the owner or lessee of residential real property, including owners or lessees of condominium or cooperative units, notwithstanding owner-builder status.

(d)  Any violation of this section shall be deemed an unfair or deceptive practice and shall be subject to provisions of chapter 480, as well as the provisions of this chapter.

[3]  HRS § 507-42 (2018) provides, in pertinent part:

**When allowed; lessees, etc.**  Any person or association of persons furnishing labor or material in the improvement of real property shall have a lien upon the improvement as well as upon the interest of the owner of the improvement in the real property upon which the same is situated, or for the benefit of which the same was constructed, for the price agreed to be paid (if the price does not exceed the value of the labor and materials), or if the price exceeds the value thereof or if no price is agreed upon by the contracting parties, for the fair and reasonable value of all labor and materials covered by their contract, express or implied.

222, 230 (App. 2001) (holding that "together, HRS §§ 480-12[4] and 507-42 preclude the imposition of a HRS § 507-42 lien upon the homeowner's property by any contractor who failed to comply with the requirements of HRS § 444-25.5" (footnote added)).

Here, it is undisputed that the parties did not execute a written contract, as required by HRS § 444-25.5(b). Cavalier argues, based on a declaration and exhibits submitted below in opposition to the MSJ, that Cavalier delivered a written construction agreement and a disclosure of lien rights to the Rices, but they refused or failed to sign the written documents. Assuming this is true for purposes of the MSJ, there was still no genuine issue of material fact that the parties did not execute a written contract that met the requirements of HRS § 444-25.5(b). As a matter of law, Cavalier "ha[d] no basis for, and [was] not permitted to assert, a HRS § 507-42 lien upon [the Rices'] property." Hiraga, 96 Hawaiʻi at 373, 31 P.3d at 230; see 808 Development, 111 Hawaiʻi at 357, 141 P.3d at 1004.

Cavalier contends there are at least genuine issues as to whether it substantially complied with HRS § 444-25.5 by providing the Rices with the construction agreement and disclosures, and as to whether an implied contract existed between the parties. The asserted facts, however, are not material to whether Cavalier had a legal basis to assert a mechanic's lien against the Rices' property.[5] The supreme court made clear in 808 Development that the statutory provisions of HRS § 444-25.5 are mandatory rather than directory, without exception. 111 Hawaiʻi at 359, 141 P.3d at 1006; see id. at 361, 141 P.3d at 1008 ("[W]e decline to create an exception to the clear statutory requirements of HRS § 444-25.5 and, instead, adhere to a bright-line standard that provides clear guidance to owners and contractors alike."). Where the contractor fails to comply with the requirements of HRS § 444-25.5, the parties'

---

[4]    HRS § 480-12 (2008) states: **"Contracts void.** Any contract or agreement in violation of this chapter is void and is not enforceable at law or in equity."

[5]    In any event, delivery of the construction agreement and disclosures, which Cavalier and the Rices did not sign, does not constitute substantial compliance with the requirements of HRS § 444-25.5(b).

contract is void under HRS § 444-25.5(d) and HRS §§ 480-2(a) and 480-12. See id. at 356-57, 141 P.3d at 1003-04. The contractor cannot assert a contract-based mechanic's lien against the property and is left to pursue its claims in *quantum meruit*. See id. at 361, 141 P.3d at 1008; Hiraga, 96 Hawaiʻi at 372, 31 P.3d at 229. Accordingly, the Circuit Court did not err in granting the Rices' MSJ.

(2) Cavalier contends that the Circuit Court abused its discretion in granting in part the Rices' Fees Motion and Supplemental Fees Motion, because Cavalier's claim was not frivolous pursuant to HRS § 607-14.5.

Under HRS § 607-14.5 (2016), the circuit court may assess reasonable attorneys' fees and costs against a party in "[a] civil action . . . where a party seeks money damages or injunctive relief, or both, against another party . . . upon a specific finding that all or a portion of the party's claim or defense was frivolous . . . ." HRS § 607-14.5(a). A trial court's conclusion as to whether a claim was made in bad faith and thus frivolous under HRS § 607-14.5 presents mixed questions of fact and law, and is subject to review for clear error. See Coll v. McCarthy, 72 Haw. 20, 28, 804 P.2d 881, 886 (1991). We review a lower court's award of attorneys' fees for abuse of discretion. In re Trust Agreement Dated June 6, 1974, 145 Hawaiʻi 300, 309, 452 P.3d 297, 306 (2019).

In the Fees Order, the Circuit Court awarded the Rices $9,536.15 for attorneys' fees and costs pursuant to HRS § 607-14.5, based on the following findings:

> In awarding these fees and costs, . . . the Court has determined that (1) [Cavalier's Lien Application] was frivolous and not reasonably supported by the facts and the law as it did not meet the minimum statutory requirements set forth in HRS § 444-25.5; and (2) in an April 26, 2019 letter, prior to filing their successful [MSJ] as to [Cavalier's Lien Application], the Rices] advised [Cavalier] of its failure to meet these minimum statutory requirements and requested that [Cavalier] dismiss the [Lien Application] with prejudice, which [Cavalier] refused to do.

In the Supplemental Fees Order, the Circuit Court awarded the Rices $2,854.97 for attorneys' fees incurred in responding to Cavalier's January 31, 2020 motion for

5

reconsideration of the Fees Order and in drafting the Rices' Supplemental Fees Motion. Although the Supplemental Fees Order does not state the statutory basis for awarding the requested additional fees, the Supplemental Fees Motion sought the award under HRS § 607-14.5.

As a threshold matter, it appears that the Rices' attorneys' fees and costs were not recoverable under HRS § 607-14.5. The statute "applies only when a party seeks 'money damages or injunctive relief, or both.'" In re Hawaiian Flour Mills, Inc., 76 Hawaiʻi 1, 14, 868 P.2d 419, 432 (1994) (quoting HRS § 607-14.5); see Bd. of Land & Nat. Res. v. Crabtree, 154 Hawaiʻi 113, 116, 547 P.3d 446, 449 (2024) ("This original proceeding does not involve monetary damages. Thus, it must relate to injunctive relief for the Sierra Club to recover fees under HRS § 607-14.5."). Cavalier sought neither. Instead, it sought a lien against the Rices' property.[6] In these circumstances, HRS § 607-14.5 could not serve as the statutory basis for awarding the Rices their attorneys' fees and costs.

In any event, we conclude that the Circuit Court clearly erred in determining that the Lien Application was frivolous under HRS § 607-14.5(b). "Though HRS § 607-14.5 does not mention 'bad faith,' [the supreme] court has determined that the concept shapes a frivolous finding under that law. [The court] ha[s] said that an HRS § 607-14.5(b) 'finding of frivolousness is a high bar; it is not enough that a claim be without merit, there must be a showing of bad faith.'" See Crabtree, 154 Hawaiʻi at 119, 547 P.3d at 452 (quoting Tagupa v. VIPDesk, 135 Hawaiʻi 468, 479, 353 P.3d 1010, 1021 (2015)). It follows that "a meritless claim, without more, is not sufficient to show that the party acted in bad faith." Id. (brackets and ellipsis omitted) (quoting Pub. Access Trails Hawaiʻi v. Haleakala Ranch Co., 153 Hawaiʻi 1, 29, 526 P.3d 526, 554 (2023)); see Coll, 72 Haw. at 29, 804 P.2d at 887 (a frivolous

---

[6] A notice attached to the Lien Application included a "demand for payment" upon the Rices, which was repeated in the Lien Application. But the Lien Application did not assert a claim for money damages based on an underlying contract. See 808 Development, 111 Hawaiʻi at 366, 141 P.3d at 1013 ("[T]he action was for the attachment of a mechanic's lien to the subject property, not for damages based upon the underlying contract.").

claim is one so "manifestly and palpably without merit, so as to indicate bad faith on the pleader's part such that argument to the court was not required" (brackets omitted) (quoting <u>Kawaihae v. Hawaiian Inc. Co.</u>, 1 Haw. App. 355, 619 P.2d 1086 (1980))). In the circumstances of this case, on this record, there was no showing that Cavalier acted in bad faith in filing the Lien Application, such that its "claim" was frivolous for purposes of HRS § 607-14.5. The Circuit Court thus abused its discretion in awarding the Rices their fees and costs pursuant to that statute.

For the reasons discussed above, the July 29, 2020 Final Judgment entered by the Circuit Court of the First Circuit is reversed to the extent it awarded the Rices attorneys' fees and costs, and affirmed in all other respects.

DATED: Honolulu, Hawai'i, June 28, 2024.

On the briefs:

David R. Squeri and
Sol V. Yi
(Greater Pacific Law Office,
LLLC)
for Lienor-Appellant.

Keith Y. Yamada,
Kirk M. Neste, and
Janjeera S. Hail
(Cades Schutte LLP)
for Respondents-Appellees.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge

7