**NOT FOR PUBLICATION  IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000619
31-AUG-2021
11:21 AM
Dkt. 134 MO**

NO. CAAP-17-0000619

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


NEIL YONEJI, Successor Trustee of the Mitsuo Yoneji
Revocable Trust Dated November 27, 2985 and
NEIL YONEJI and CLAIRE YONEJI, individually and as
Trustees of the Yoneji Revocable Family Trust
Dated August 31, 1998, Plaintiffs-Appellants,
v.
MARY KAZUMI YONEJI, CHARLENE YONEJI, JOHN DOES
1-10, JANE DOES 1-1-, DOE PARTNERSHIPS, CORPORATIONS
OR ENTITIES 1-20, Defendants-Appellees
and
MARY KAZUMI YONEJI, Successor Trustee of the Revocable
Trust of Owen Kazuo Yoneji dated January 11, 1994
and the Revocable Trust of Charlene Tsuruko Yoneji
Dated January 11, 1994, Joined Claimant
and
MARY KAZUMI YONEJI, Counterclaim-Plaintiff
v.
NEIL YONEJI, Successor Trustee of the Mitsuo Yoneji
Revocable Trust Dated November 27, 2985 and
NEIL YONEJI and CLAIRE YONEJI, individually and as
Trustees of the Yoneji Revocable Family Trust
Dated August 31, 1998, Counterclaim-Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 09-1-0282)


MEMORANDUM OPINION
(By:  Ginoza, Chief Judge, Wadsworth and Nakasone, JJ.)

In this appeal arising from a lengthy dispute between
family members over trust funds, Plaintiffs/Counterclaim-

Defendants/Complaint-in-Intervention Defendants/Appellants Neil Yoneji, Successor Trustee of the Mitsuo Yoneji Revocable Trust dated November 27, 1985 (**Mitsuo Trust**), and Neil Yoneji (**Neil**) and Claire Yoneji (**Claire**), individually and as Trustees of the Yoneji Revocable Family Trust Dated August 31, 1998 (collectively, the **Yonejis**), appeal from the "Final Judgment" entered on July 25, 2017, by the Circuit Court of the Fifth Circuit (**Circuit Court**).[1]

This is the third appeal in this case. In this appeal, the Yonejis challenge the following orders that were entered by the Circuit Court upon remand from the prior appeals in this case:

(1) "Order Granting in Part and Denying in Part [the Yonejis'] Motion for Order Consistent with Intermediate Court of Appeals Judgment on Appeal" filed on April 27, 2016 (**4/27/16 Order**);

(2) "Order Regarding Issues" filed on November 10, 2016 (**11/10/16 Order**);

(3) "Order Granting in Part and Denying in Part Plaintiffs' Motion for Enforcement of Intermediate Court of Appeals' Judgment with Respect to Fees and Costs Paid to [Defendant-Appellee Mary Kazumi Yoneji (**Mary**)]" filed on March 21, 2017 (**3/21/17 Order On Fees/Costs Paid To Mary**);

(4) "Order Granting [Defendant-Appellee Charlene Yoneji's (**Charlene**)] Motion to Dismiss for Lack of Subject Matter Jurisdiction and in the Alternative, for Summary Judgment" filed on March 21, 2017 (**3/21/17 Order Dismissing Claims Against Charlene**); and

(5) "Order Granting Defendant [Mary's] Motion to Dismiss for Lack of Subject Matter Jurisdiction and in the Alternative, for Summary Judgment" filed on March 21, 2017 (**3/21/17 Order Dismissing Claims Against Mary**).

---

[1] The Honorable Kathleen N.A. Watanabe presided.

### I.  Prior Appeals

In the two prior appeals, this court issued opinions in Yoneji v. Yoneji, 136 Hawaiʻi 11, 354 P.3d 1160 (App. 2015) (**Yoneji I (Charlene)**), and Yoneji v. Yoneji, 137 Hawaiʻi 299, 370 P.3d 704 (App. 2016) (**Yoneji II (Mary)**).  Our prior opinions capture the protracted procedural history of this lawsuit which was commenced by the Yonejis against Neil's sister-in-law and niece, Charlene and Mary, respectively, for allegedly depleting the Mitsuo Trust bank account and wrongfully redirecting rental income from Mitsuo Trust properties to Mary in her personal capacity.[2]

In Yoneji I (Charlene),[3] we vacated the Circuit Court's summary judgment for Charlene on the Yonejis' claims for conversion, constructive fraud, conspiracy, unjust enrichment and constructive trust.  136 Hawaiʻi at 16-21, 354 P.3d at 1165-70.  We affirmed summary judgment for Charlene only as to the Yonejis' claim for prima facie tort, based on our analysis of that claim and because the financial harm alleged could be remedied by the conversion claim against Charlene.  Id. at 19-20, 354 P.3d at 1168-69.  Further, we vacated the Circuit Court's award of attorney's fees and costs to Charlene, holding the Circuit Court had "erred in finding that the Yonejis' claims against [Charlene] were frivolous" and that the Circuit Court abused its discretion in awarding fees and costs under Hawaii Revised Statutes (**HRS**) § 607-14.5.  Id. at 21, 354 P.3d at 1170.  Our opinion concluded by expressly vacating the Circuit Court's Amended Judgment filed on January 27, 2014, Judgment filed on May 1, 2013, and the order granting summary judgment for Charlene filed on May 1, 2013;

---

[2]  The Yonejis filed the Complaint against Mary and Charlene on October 26, 2009, in which they assert causes of action for **Conversion** (Count I), **Constructive Fraud** (Count II), **Conspiracy** (Count III), **Prima Facie Tort** (Count IV), **Unjust Enrichment** (Count V), and **Constructive Trust** (Count VI).  The prayer for relief in the Complaint seeks, *inter alia*, awards for **money damages** and **punitive damages**.

[3]  In summarizing Yoneji I (Charlene) and Yoneji II (Mary), we highlight previous rulings on appeal to give context for the current issues on appeal. We do not summarize every ruling in the prior appeals.

except we affirmed summary judgment for Charlene on the prima facie tort claim.  Id. at 21, 354 P.3d 1170.  We remanded the case "for further proceedings consistent with this opinion."  Id. at 21-22, 354 P.3d at 1170-71.

In Yoneji II (Mary), we vacated the Circuit Court's summary judgment for Mary on the Yonejis' claims for constructive fraud, conspiracy, and constructive trust.[4]  137 Hawaiʻi at 310-13, 370 P.3d at 715-18.  We affirmed summary judgment for Mary, as we did for Charlene, only on the prima facie tort claim, because the Yonejis' alleged harm could be remedied by their conversion and conspiracy claims against Mary.  Id. at 312, 370 P.3d at 717.  Further, we vacated the Circuit Court's award of attorney's fees and costs to Mary because: "There is no evidence in the record that the Yonejis pursued their individual claims in bad faith.  Therefore, the circuit court abused its discretion in awarding Mary attorneys' fees and costs pursuant to HRS § 607–14.5."  Id. at 314, 370 P.3d at 719.  We also addressed the Yonejis' contentions that, during the trial on the conversion and unjust enrichment claims against Mary, the Circuit Court erred in excluding the Special Master's report at trial.[5]  In that regard, we held, *inter alia*, that:

---

[4]  The Circuit Court had denied summary judgment to Mary on the Yonejis' claims for conversion and unjust enrichment, and trial proceeded on those claims.  The jury found Mary liable on both claims.

[5]  Our opinion discussed the "Stipulation For Appointment of a Special Master" (**Stipulation**), entered by the parties and approved by the Circuit Court, including the parties' stipulation to utilize a Special Master to resolve certain issues and to assign specified tasks to the Special Master. 137 Hawaiʻi at 304-05, 370 P.3d at 709-10.  Our opinion also noted:

> All parties also agreed that "the trier of fact shall rely on the report of the Special Master in determining the amounts, if any, owed by and between all parties in the above entitled action, subject to their determination of any disputed genuine issue of material fact (as set forth by the [circuit court] )."

Id. at 305, 370 P.3d at 710 (emphasis added).

> The Yonejis relied upon the court-approved Stipulation and the circuit court's determination that the Special Master's report would be admitted into evidence to prepare for trial.
>
> . . .
>
> Here the circuit court's departure from the stipulated procedure <u>unjustifiably infringed upon the Yonejis' rights to present their case</u> and, thus, constituted <u>prejudicial error</u>. . . . We remand this case back to the circuit court with instructions to review the Special Master's report, considering any party objections to the report, and then identify any outstanding genuine issues of material fact to be determined by the trier of fact, pursuant to the parties' Stipulation. Should the court identify any outstanding genuine issues of material fact, the Special Master's report shall be admissible for consideration by the trier of fact.

<u>Id.</u> at 315-16, 370 P.3d at 720-21 (emphasis added). We concluded the opinion by expressly <u>vacating</u> the Circuit Court's order granting in part summary judgment for Mary (except we affirmed summary judgment on the prima facie tort claim against Mary), and <u>vacating</u> the Amended Final Judgment filed on March 7, 2014.[6] <u>Id.</u> at 322-23, 370 P.3d at 727-28. We then "remanded for further proceedings consistent with this Opinion." <u>Id.</u> at 728, 370 P.3d at 323.

## II. Current Appeal: Points of Error

After this court's two prior opinions were issued, the Circuit Court issued the orders and judgment that are currently at issue in this third appeal. The Yonejis raise the following points of error, contending that the Circuit Court:

(1) erred when it granted Mary and Charlene's respective "Motion[s] to Dismiss for Lack of Subject Matter Jurisdiction and in the Alternative, for Summary Judgment" (**Motion to Dismiss on Remand**) because the Circuit Court retained subject matter jurisdiction, the claims were not moot, and the remaining claims, including the question of punitive damages, should have gone to a jury;

---

[6] The Amended Final Judgment filed on March 7, 2014, which was <u>vacated</u> by <u>Yoneji II (Mary)</u>, had entered judgment based on a number of the Circuit Court's rulings and the jury's verdict against Mary on the conversion and unjust enrichment claims.

(2) erred in part in the "Order Regarding Issues" by finding there was no further claim for punitive damages because there had been no legally sufficient evidentiary basis at the trial;

(3) erred in denying in part the Yonejis' "Motion for Order Consistent with Intermediate Court of Appeals Judgment on Appeal" (regarding Charlene) because Charlene was not entitled to attorneys' fees on any claim, including the prima facie tort claim; and

(4) erred in denying in part the Yonejis' "Motion for Enforcement of Intermediate Court of Appeals' Judgment with Respect to Fees and Costs Paid to [Mary]" because Mary was not entitled to attorneys' fees on any claim, including the prima facie tort claim.

We conclude the Yonejis raise meritorious points on appeal and we vacate certain Circuit Court rulings to the extent they are challenged in this appeal as set forth below.  We again remand to the Circuit Court for further proceedings consistent with Yoneji I (Charlene), Yoneji II (Mary), and now this decision.

### III.  Discussion

**A.** **The Circuit Court erred in failing to recognize the Yonejis' right to a trial on remaining claims and on the issue of punitive damages**

The Yonejis first correctly assert that the Circuit Court had a duty to follow the mandates in Yoneji I (Charlene) and Yoneji II (Mary).  "It is the duty of the trial court, on remand, to comply strictly with the mandate of the appellate court according to its true intent and meaning, as determined by the directions given by the reviewing court," and "when acting under an appellate court's mandate, an inferior court cannot vary it, or examine it for any other purpose than execution; . . . or intermeddle with it, further than to settle so much as has been remanded."  Chun v. Bd. of Trs. of Emps.' Ret. Sys. of State of Hawaiʻi, 106 Hawaiʻi 416, 439, 106 P.3d 339, 362 (2005) (quoting

6

State v. Lincoln, 72 Haw. 480, 485-86, 825 P.2d 64, 68 (1992), cert. denied, 506 U.S. 846 (1992) (internal citations and quotation signals omitted)).  "This is not to say that a trial court is bound to perform the mandate of an appellate court under subsequently changed circumstances or is not free to decide issues not covered in the mandate."  Lincoln, 72 Haw. at 485, 825 P.2d at 68 (citing Liberty Mut. Ins. Co. v. E.E.O.C., 691 F.2d 438, 441 (9th Cir. 1982) (when matters are not explicitly or by "necessary implication" decided on prior appeal, "lower courts are free to decide issue on remand")).

> In their opening brief, the Yonejis assert that:

> [The Yonejis'] remaining claims against Mary and Charlene were improperly dismissed by the [Circuit Court].  Specifically, [the Yonejis'] claims against both Mary and Charlene for Constructive Fraud and Conspiracy, and [the Yonejis'] remaining claims against Charlene for Conversion and Unjust Enrichment should have been tried.

The Yonejis thus seek trial on only some of the claims that remained viable for trial after Yoneji I (Charlene) and Yoneji II (Mary) (i.e., the claims other than the prima facie tort claim against Mary and Charlene).  Further, the Yonejis note that: "[a]lthough this Court previously determined that evidence by the Special Master should have been heard during the first trial, because the parties agreed on remand that the ultimate damages award remained unchanged, this issue did not need to be addressed."

In their reply brief, the Yonejis revise the claims on which they seek trial, requesting remand to a different judge and a specific instruction, inter alia, that: "the claims for conversion, constructive fraud, and conspiracy against both Mary and Charlene, are to be presented to a jury for a determination of whether punitive damages should be awarded[.]"[7]

---

[7]  In their answering brief, Mary and Charlene argue the Circuit Court properly held there was no outstanding punitive damages claim, the remaining claims were properly dismissed because they were moot due to lack of any damages, and the Circuit Court properly granted summary judgment on the claims

(continued...)

The Yonejis argue that, even though the amount of compensatory damages is no longer an issue, there are genuine issues of material fact as to their remaining claims against Mary and Charlene and with respect to their claim for punitive damages.  The Yonejis thus contend the Circuit Court erred in granting Mary and Charlene's respective Motions to Dismiss on Remand.

In <u>Yoneji I (Charlene)</u> and <u>Yoneji II (Mary)</u>, this court vacated the Circuit Court's grant of summary judgment for Charlene and Mary (except as to the prima facie tort claim against each) and also vacated, *inter alia*, the Amended Final Judgment filed on March 7, 2014, which was based in part on the jury's verdict at trial against Mary.  On remand, the parties each took the position that there was no issue of material fact as to the <u>amount of money</u> that had been taken from the Mitsuo Trust or <u>the amount</u> of rental income in issue.[8]  However, the

_____

[7](...continued)
specified in the 3/21/17 Order Dismissing Claims Against Charlene and the 3/21/17 Order Dismissing Claims Against Mary (except for constructive trust, which the Yonejis no longer contest). Mary and Charlene thus argued in support of the Circuit Court's remand rulings except as to a claim (constructive trust) for which the Yonejis no longer seek trial.  We thus conclude there is no prejudice to Mary or Charlene by the Yonejis' revised position in the reply brief as to the claims on which they seek trial.

[8]  It is uncontested that compensatory damages were no longer in dispute during remand.  We recognize this was part of the circumstances before the Circuit Court during remand.  It does not appear this agreement by the parties was reduced to a formal stipulation.  Rather, it appears the parties may have relied on the jury verdict from the trial of the conversion and unjust enrichment claims against Mary, as well as satisfaction of judgment documents reflecting payments to the Yonejis after the trial.  Given <u>Yoneji II (Mary)</u>, in which we found prejudicial error in the conduct of the trial and we vacated the Amended Final Judgment filed on March 7, 2014, the parties were not bound by the trial verdict on those two claims against Mary.  However, the parties were free to agree on the amounts owing and it is clear from the record during remand that all parties no longer disputed compensatory damages, including compensatory damages paid to the Yonejis.  Indeed, in the 11/10/16 Order, the Circuit Court ruled: "There are no outstanding genuine issues of material fact for the trier of fact as to the Interpled Funds and the rental income."  Further, in the 3/21/17 Order Dismissing Claims Against Charlene and the 3/21/17 Order Dismissing Claims Against Mary, the Circuit Court ruled that it was "undisputed that [the Yonejis] have no claim for compensatory damages against" Charlene and Mary, respectively.  No party contests these rulings and thus the parties have waived any challenge to these rulings.  <u>The issue of compensatory damages and the amounts paid for compensatory damages are no</u>

(continued...)

Yonejis asserted that a trial was required on remaining claims against Mary and Charlene with respect to punitive damages.

In the 11/10/16 Order, the Circuit Court ruled, *inter alia*, that:

> 2. There is <u>no remaining claim for punitive damages</u> as this Court denied the requested relief for punitive damages because there was no legally sufficient evidentiary basis at trial, the Court denied the [Yonejis'] request to amend the Complaint, and there was no appeal of this Court's order.

(Emphasis added). The court further ordered that the parties could submit substantive motions on certain specified "remaining claims."

Subsequently, in the 3/21/17 Order Dismissing Claims Against Charlene and the 3/21/17 Order Dismissing Claims Against Mary, the Circuit Court, *inter alia*, ruled that the Yonejis had no claim for compensatory damages against either Charlene or Mary, that there was no outstanding claim for punitive damages, and dismissed what it perceived as the remaining claims against Mary and Charlene, respectively,[9] ruling that the court lacked subject matter jurisdiction because the claims were moot. The Circuit Court additionally held that there was a lack of evidence to support the specified remaining claims.

We conclude the Circuit Court erroneously dismissed claims against Mary and Charlene. We limit our holding to the claims that the Yonejis contend in this appeal should be tried before a jury, which are: the claims for **conversion**, **constructive fraud**, and **conspiracy** against **both Mary and Charlene** and for a determination of whether **punitive damages** should be awarded to the Yonejis.

_____

[8](...continued)
<u>longer in issue in this case</u>.

[9] The Circuit Court dismissed what it referred to as the "remaining claims" against Mary, which it identified as constructive fraud, conspiracy, and constructive trust. As to Charlene, the Circuit Court dismissed the "remaining claims" against Charlene for conversion, constructive fraud, conspiracy, unjust enrichment, and constructive trust.

First and foremost, we agree with the Yonejis that the Circuit Court erred in determining that there was no outstanding claim for punitive damages.  In this regard, the Circuit Court relied on its rulings during the trial on claims for conversion and unjust enrichment against Mary.  We note that the trial did <u>not</u> address all of the claims against Mary and did <u>not</u> address any of the claims against Charlene.  Further and importantly, the Circuit Court incorrectly states in the 11/10/16 Order that the Yonejis did not appeal the Circuit Court's trial rulings as to punitive damages.  Rather, in <u>Yoneji II (Mary)</u>, we noted the Yonejis alleged the Circuit Court had erred in "denying the Yonejis' request for a punitive damages instruction" at trial. 137 Hawaiʻi at 302, 319, 370 P.3d at 708, 724.  Prior to addressing that issue, we held the circuit court's departure from the parties' stipulated procedure had constituted "prejudicial error" against the Yonejis during trial and thus we remanded with instructions to, essentially, follow the procedure in the Stipulation and the Circuit Court's pre-trial rulings.  <u>Id.</u> at 316, 370 P.3d at 721.  We subsequently addressed the Yonejis' contention that the circuit court had erroneously denied their request to instruct the jury on punitive damages, and stated: "Because <u>we vacate and remand</u> this case back to the circuit court, this point <u>on appeal</u> is moot."  <u>Id.</u> at 319, 370 P.3d at 724 (emphasis added).  Then, in the conclusion in <u>Yoneji II (Mary)</u>, we expressly vacated the Amended Final Judgment filed on March 7, 2014, which had incorporated the jury's verdict.  <u>Id.</u> at 322-23, 370 P.3d at 727-28.  Given our rulings in <u>Yoneji II (Mary)</u>, the results of the jury trial against Mary on the conversion and unjust enrichment claims were vacated and remanded for further proceedings.  It was error for the Circuit Court to rely on its prior rulings in the trial to hold that the Yonejis' claim for punitive damages was no longer in issue.  The Circuit Court apparently misread the holdings in <u>Yoneji II (Mary)</u>.

Even if compensatory damages are no longer an issue, the Hawaiʻi Supreme Court has recognized that "[a]lthough arising

from the same cause of action [punitive damages and compensatory damages] are separate and unrelated remedies."  Matter of Lorenzo's Est., 61 Haw. 236, 239 n.6, 602 P.2d 521, 525 n.6 (1979).

Second, because the Yonejis' claim for punitive damages against both Mary and Charlene remain at issue in this case, the claims against both Mary and Charlene for conversion, constructive fraud, and conspiracy are not moot and the Circuit Court has jurisdiction regarding these claims.

"[A] case is not moot . . . so long as the plaintiff continues to suffer some harm that a favorable court decision would resolve."  Civ. Beat L. Ctr. for the Pub. Int., Inc. v. City & Cty. of Honolulu, 144 Hawaiʻi 466, 476, 445 P.3d 47, 57 (2019) (quoting Hac v. Univ. of Hawaiʻi, 102 Hawaiʻi 92, 100, 73 P.3d 46, 54 (2003) (citation omitted)).  If the "requested remedies can be effectuated" for the plaintiff, the issues presented are still "live" for judicial resolution.  Hac, 102 Hawaiʻi at 99, 73 P.3d at 53.

Based on our rulings in Yoneji I (Charlene) and Yoneji II (Mary), the Yonejis continued to have viable substantive claims against both Mary and Charlene and, even if the Yonejis have agreed that there are no issues for trial as to compensatory damages, the claim for punitive damages presents a live issue for judicial resolution.

We further conclude that, with respect to the claims against Mary for constructive fraud and conspiracy, and the claims against Charlene for conversion, constructive fraud, and conspiracy, the Circuit Court also erred in its additional basis for dismissing these claims, i.e., that there is no evidence to support these claims.[10]  In short, during remand, the Circuit

---

[10]  During remand, Mary did not seek summary judgment on the conversion claim, apparently based on the misapprehension that this claim had been resolved by the trial. As previously noted, we limit our review to the claims on which the Yonejis seek to have trial.  Given the procedural posture, the Circuit Court granted summary judgment for Mary during remand only as to two

(continued...)

Court again granted summary judgment in favor of Mary and Charlene on these claims even though we had previously determined in Yoneji I (Charlene) and Yoneji II (Mary) that the Circuit Court had improperly granted summary judgment on these claims. 136 Hawaiʻi at 16-19, 354 P.3d at 1165-68; 137 Hawaiʻi at 310-312, 370 P.3d at 715-17.

It is unclear on what basis the Circuit Court granted summary judgment during remand.  One of the arguments by Mary and Charlene was that the Yonejis' claims were moot because there were no more damages (either compensatory or punitive damages) left at issue in the case.  Based on our ruling above, that punitive damages remains a live issue, we reject any argument that the claims for conversion, constructive fraud, and conspiracy against Mary and Charlene are moot.

Charlene's main argument on remand for summary judgment on the conversion claim was the lack of damages.  Thus, as set forth above, we reject that argument.  To the extent Charlene also argued that any funds she received belonged to her or her husband, we again reject this argument.  In Yoneji I (Charlene), we held on the conversion claim against Charlene that "Charlene failed to offer any affirmative evidence showing that the Yonejis did not have an ownership interest in the funds in the Mitsuo Trust Account or that Charlene's endorsement of Mary's check was not inconsistent with the Yonejis' ownership interest."  136 Hawaiʻi at 17, 354 P.3d at 1166.  Having reviewed Charlene's argument and asserted evidence during remand, we again conclude that summary judgment for Charlene on the conversion claim was wrong.  See Ralston v. Yim, 129 Hawaiʻi 46, 60-61, 292 P.3d 1276, 1290-91 (2013).

As for the claims for constructive fraud against Charlene and Mary, they each raised the same arguments on remand

---

[10](...continued)
of the three pertinent claims (constructive fraud and conspiracy), not the conversion claim.

as were raised and rejected in Yoneji I (Charlene), 136 Hawaiʻi at 19, 354 P.3d at 1168, and Yoneji II (Mary), 137 Hawaiʻi at 310-11, 370 P.3d 715-16.  Mary and Charlene both argue that there was no evidence of a fiduciary or confidential relationship, or a breach thereof, between Charlene or Mary and the Yonejis upon which to base a claim for constructive fraud.  Mary and Charlene each submitted as evidence on remand the same depositions of Neil and Claire as was submitted in their initial motions for summary judgment.  Based on the record, including on remand, we again hold that summary judgment for Charlene and Mary on the constructive fraud claim was wrong.  Ralston, 129 Hawaiʻi at 60-61, 292 P.3d at 1290-91.

As for the Yonejis' conspiracy claims against Mary and Charlene, Charlene asserted on remand, as she did in her first motion for summary judgment, that there was no actionable or underlying claim for, *inter alia*, conversion upon which to base a claim for conspiracy.  Charlene's argument is incorrect because we hold the conversion and constructive fraud claims remain viable against her (and Mary).  As for Mary, she asserted on remand, as she did in her first motion for summary judgment, that the Yonejis could not show an agreement or concerted act to support the claim.  Based on the record, including on remand, Mary fails to carry her initial burden for summary judgment.  We thus again hold that summary judgment for Charlene and Mary on the conspiracy claim was wrong.  Ralston, 129 Hawaiʻi at 60, 292 P.3d at 1290.

In short, summary judgment was improper on grounds that there were no damages and the claims were moot.  Further, considering that summary judgment movants must carry the initial burden of proof, and the evidence must be viewed in the light most favorable to the non-moving party, we conclude the Circuit Court erred in granting summary judgment on remand on the claims discussed above.  Nozawa v. Operating Eng'rs. Local Union No. 3, 142 Hawaiʻi 331, 342, 418 P.3d 1187, 1198 (2018); Ralston, 129 Hawaiʻi at 60-61, 292 P.3d at 1290-91.

> B.   **The Circuit Court erred in reducing the amounts that Charlene and Mary were required to repay the Yonejis for the attorneys' fees and costs awards that were vacated in <u>Yoneji I (Charlene)</u> and <u>Yoneji II (Mary)</u>**

The Yonejis argue that the Circuit Court erred in entering the 4/27/16 Order by reducing the amount that Charlene should repay the Yonejis for attorneys' fees and costs that were vacated in <u>Yoneji I (Charlene)</u>.  In this regard, the Circuit Court allowed Charlene to retain $1,924.06 related to fees incurred on the prima facie tort claim.

In the 3/21/17 Order On Fees/Costs Paid To Mary, the Circuit Court similarly reduced the amount of attorneys' fees and costs Mary was required to repay to the Yonejis, in the amount of $1,348.74, which were fees incurred related to the prima facie tort claim.

We conclude the Circuit Court erred in reducing the amounts that Charlene and Mary were required to repay to the Yonejis.  The Circuit Court had awarded attorneys' fees and costs to Charlene and Mary based on HRS § 607-14.5 (2016), which states in relevant part:

> (a) In any civil action in this State where a party seeks money damages or injunctive relief, or both, against another party, and the case is subsequently decided, the court may, as it deems just, assess against either party, whether or not the party was a prevailing party, and enter as part of its order, for which execution may issue, a reasonable sum for attorneys' fees and costs, in an amount to be determined by the court <u>upon a specific finding that all or a portion of the party's claim or defense was frivolous</u> as provided in subsection (b).

> (b) In determining the award of attorneys' fees and costs and the amounts to be awarded, the court must find in writing that all or a portion of the claims or defenses made by the party are frivolous and are not reasonably supported by the facts and the law in the civil action. In determining whether claims or defenses are frivolous, the court may consider whether the party alleging that the claims or defenses are frivolous had submitted to the party asserting the claims or defenses a request for their withdrawal as provided in subsection (c). If the court determines that only a portion of the claims or defenses made by the party are frivolous, the court shall determine a reasonable sum for attorneys' fees and costs in relation to the frivolous claims or defenses.

14

(Emphasis added).  A frivolous claim has been defined as a "claim so manifestly and palpably without merit, so as to indicate bad faith on the pleader's part such that argument to the court was not required."  Taquba v. VIPDesk, 135 Hawaiʻi 468, 479, 353 P.3d 1010, 1021 (2015) (brackets and citations omitted).

Regarding Charlene, in Yoneji I (Charlene), we determined that she was not entitled to summary judgment as to five of the Yonejis' six claims against her, and that the Circuit Court had erred in finding that the Yonejis' claims were frivolous.  We thus held the Circuit Court abused its discretion in granting Charlene's request for attorneys' fees and costs. 136 Hawaiʻi at 21, 354 P.3d at 1170.

As for Mary, we determined in Yoneji II (Mary) that "[t]here is no evidence in the record that the Yonejis pursued their individual claims in bad faith.  Therefore, the circuit court abused its discretion in awarding Mary attorneys' fees and costs pursuant to HRS § 607-14.5."  137 Hawaiʻi at 314, 370 P.3d at 719.

We did not conclude in either of the prior appeals that the Yonejis' prima facie tort claim against Charlene or Mary was frivolous.  To the contrary, we held that the Circuit Court had abused its discretion in awarding attorneys' fees and costs to Charlene and Mary.  During the remand, the Circuit Court thus erred in allowing Charlene and Mary to retain any portion of the attorneys' fees and costs that the Circuit Court had awarded to them, but which was fully vacated in Yoneji I (Charlene) and Yoneji II (Mary).

C.    **Further remand to the Circuit Court**

In light of the above, we again remand this case to the Circuit Court.  We deny the Yonejis' request that the case be remanded to another Circuit Court judge.  Although we have recognized various errors by the Circuit Court over the course of three appeals in this case, we also recognize that the parties took positions inconsistent with Yoneji II (Mary) during remand,

15

particularly as to the claims and damages that remained viable in the case.

On remand, we instruct that: (1) the Yonejis are entitled to a trial on their claims for **conversion**, **constructive fraud**, and **conspiracy** against **both Mary and Charlene** and for a determination of whether **punitive damages** should be awarded; and (2) the Circuit Court shall enter appropriate orders requiring Mary and Charlene to repay the Yonejis **all** of the fees and costs previously awarded to Mary and Charlene by the Circuit Court, which were fully vacated by Yoneji I (Charlene) and Yoneji II (Mary), including fees or costs associated with the prima facie tort claims.

### IV.  Conclusion

Based on the foregoing, we vacate the following, which were entered by the Circuit Court of the Fifth Circuit, to the extent they are inconsistent with our rulings as set forth above:

(1) "Final Judgment" filed on July 25, 2017;

(2) "Order Granting in Part and Denying in Part [the Yonejis'] Motion for Order Consistent with Intermediate Court of Appeals Judgment on Appeal dated September 9, 2015" filed on April 27, 2016;

(3) "Order Regarding Issues" filed on November 10, 2016;

(4) "Order Granting in Part and Denying in Part Plaintiffs' Motion for Enforcement of Intermediate Court of Appeals' Judgment with Respect to Fees and Costs paid to Mary Kazumi Yoneji" filed on March 21, 2017;

(5) "Order Granting Defendant Charlene Yoneji's Motion to Dismiss for Lack of Subject Matter Jurisdiction and in the Alternative, for Summary Judgment" filed on March 21, 2017; and

(6) "Order Granting Defendant Mary Kazumi Yoneji's Motion to Dismiss for Lack of Subject Matter Jurisdiction and in the Alternative, for Summary Judgment" filed on March 21, 2017.

This case is again remanded to the Circuit Court for further proceedings consistent with this decision, and our opinions in <u>Yoneji I (Charlene)</u> and <u>Yoneji II (Mary)</u>.

DATED:  Honolulu, Hawaiʻi, August 31, 2021.

On the briefs:

Patrick K. Shea,
(Sullivan Meheula Lee LLP)
        and
Andrew J. Lautenbach,
Maile S. Miller,
(Starn O'Toole Marcus &
Fisher),
for Plaintiffs-Appellants/
Counterclaim-Defendants.

Ryan G.S. Au,
for Joined Claimant/
Counterclaim-Plaintiff.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Clyde. J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge